# MATTER OF L-

## In Deportation Proceedings

### A-70020830

*Decided by Board June 29, 1992*

(1) Under the Visa Waiver Pilot Program of section 217 of the Immigration and Nationality Act, 8 U.S.C. § 1187 (1988), visitors to the United States from specified countries may stay for up to 90 days without a visa, provided they waive any right to (1) review or appeal an immigration officer's determination as to the admissibility of the alien at the port of entry into the United States, or (2) contest, other than on the basis of an application for asylum, any action for deportation against the alien.

(2) Pursuant to 8 C.F.R. §§ 217.4(c) and 242.1(a) and (d) (1992), the regulatory provisions regarding deportability determinations under section 217 of the Act, proceedings against an alien admitted under the Visa Waiver Pilot Program who has applied for asylum in the United States must be commenced with an Order to Show Cause.

(3) The regulations which the Immigration and Naturalization Service promulgates have the force and effect of law and are binding on the Service.

CHARGE:

Order: Act of 1952—Sec. 241(a)(1)(C)(i)  [8  U.S.C.  § 1251(a)(1)(C)(i)]—Nonimmigrant—failed to comply with conditions of status

ON BEHALF OF RESPONDENT:
John A. Quinn, Esquire
1420 Kettner Boulevard, Suite 502
San Diego, California 92101

ON BEHALF OF SERVICE:
Catherine J. Light
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

The respondent has appealed from a decision dated November 26, 1991, in which an immigration judge found him deportable as charged, ruled that he had abandoned his asylum application for failure to appear at his hearing, and ordered him deported from the United States.[1] The appeal will be sustained and the immigration judge's decision will be vacated.

---

[1] We note that the immigration judge's form order refers to the respondent as the "applicant" and states that he is "subject to exclusion" from the United States. The record reflects that the immigration judge recognized that the Immigration and Naturalization Service had issued a Warrant of Deportation and that he intended to order the respondent deported, not excluded, from the United States. Therefore, we consider the references to "applicant" and "exclusion" to be clerical errors.

The respondent, a citizen and national of the United Kingdom, entered the United States on or about November 11, 1988. On August 22, 1991, the Immigration and Naturalization Service issued a Notice to Alien of Determination of Deportability and a Warrant of Deportation against the respondent. The Notice to Alien stated that the respondent was admitted as a nonimmigrant visitor for pleasure under the Visa Waiver Pilot Program provisions of section 217 of the Immigration and Nationality Act, 8 U.S.C. § 1187 (1988), and 8 C.F.R. Part 217 (1989); that he had remained longer than the authorized 90 days without the permission of the Service; and that he was deportable under section 241(a)(1)(C)(i) of the Act, 8 U.S.C. § 1251(a)(I)(C)(i) (Supp. II 1990). On August 31, 1991, the respondent filed a written notice with the Service that stated in part: "I formally request political asylum on the grounds of proven political harassment and detention in my home country."

The respondent appeared before an immigration judge for a deportation hearing on September 10, 1991. The immigration judge noted the absence of an Order to Show Cause. The Service argued that an Order to Show Cause was not necessary in this case because the respondent entered under the Visa Waiver Pilot Program pursuant to section 217 of the Act. The respondent contested the issuance of the Notice to Alien and Warrant of Deportation, arguing that he had entered the United States on a multiple entry visitor visa, not under the Visa Waiver Pilot Program. The respondent also argued that the charging document was not valid because it did not contain an original signature. The Service then produced the original charging document bearing an original signature of an authorized Service official. The respondent indicated that he wished to apply for asylum and the immigration judge continued the proceedings to allow the respondent to file his asylum application. The respondent filed his asylum application before the immigration judge at an October 7, 1991, hearing. At a hearing conducted in absentia on November 14, 1991, the immigration judge held that the respondent's asylum application was deemed abandoned due to the failure of the respondent and his attorney to appear or provide a reasonable explanation for their absence from the hearing. The immigration judge ordered the respondent deported from the United States. The respondent has appealed from that decision.

On appeal, the respondent contests the Service's charge that he entered under the Visa Waiver Pilot Program pursuant to section 217 of the Act. Further, he contends that even had he entered under the Visa Waiver Pilot Program, once he applied for asylum, the regulations required the Service to file an Order to Show Cause with the Office of the Immigration Judge in order to properly place him in

deportation proceedings before an immigration judge who would adjudicate his asylum application.

The Service argues on appeal that the immigration judge properly concluded that the respondent had abandoned his asylum claim by failing to appear at his November 14, 1991, hearing. The Service further asserts that none of the respondent's arguments regarding his deportability under section 217 of the Act may be considered by this Board because, due to his absence at his hearing, these issues never became part of the record.

Section 217 of the Act provides for a Visa Waiver Pilot Program under which visitors to the United States from specified countries may stay in the United States for up to 90 days without a visa. Section 217(b) states that

[a]n alien may not be provided a waiver under the pilot program unless the alien has waived any right—

(1) to review or appeal under this Act of an immigration officer's determination as to the admissibility of the alien at the port of entry into the United States, or

(2) to contest, other than on the basis of an application for asylum, any action for deportation against the alien.

Subsequent to the enactment of section 217 of the Act, the Service promulgated regulations implementing the Visa Waiver Pilot Program. The current regulatory provisions regarding deportability determinations are set forth in 8 C.F.R. §§ 217.4(c) and 242.1(a) and (d) (1992). The regulation at 8 C.F.R. § 217.4(c) (1992) provides:

An alien who has been admitted to the United States under the provisions of section 217 of the Act and of this part who is determined by an immigration officer to be deportable from the United States under one or more of the deportation grounds listed in section 241 of the Act shall be removed from the United States to his or her country of nationality or last residence. Such removal for deportation shall be determined by the district director who has jurisdiction over the place where the alien is found, and shall be effected without referral of the alien to an immigration judge for a determination of deportability, *except that an alien admitted as a Visa Waiver Pilot Program visitor who applies for asylum in the United States must be referred to an immigration judge for a determination of deportability.* (Emphasis added.)

In relevant part, 8 C.F.R. § 242.1(a) (1992) provides:

Every proceeding to determine the deportability of an alien in the United States is commenced by the filing of an Order to Show Cause with the Office of the Immigration Judge, except an alien who has been admitted to the United States under the provisions of section 217 of the Act and part 217 of this chapter *other than such an alien who as [sic] applied for asylum in the United States.* (Emphasis added.)

Finally, 8 C.F.R. § 242.1(d) (1992) provides:

Pursuant to section 217(b)(4)(B) of the Act, an alien who has been admitted to the United States under the provisions of that section has waived any right to contest any action against him or her for deportation, other than on the basis of an application for asylum. An alien admitted to the United States under section 217 of the Act shall be taken into custody and removed from the United States upon a determination by

an immigration officer (district director who has jurisdiction over the place where the alien is found) that the alien is deportable in accordance with procedures in § 217.4(c) of this chapter, and without commencement of a proceeding under this part, except that such an alien who applies for asylum in the United States shall be brought into proceedings as otherwise provided in this part.

It is well settled that the regulations which the Service promulgates have the force and effect of law and are binding on the Service. *Bridges v. Wixon*, 326 U.S. 135, 153 (1945); *Bilokumsky v. Tod*, 263 U.S. 149, 155 (1923); *Matter of A-*, 3 I&N Dec. 714 (BIA 1949); *cf. Vitarelli v. Seaton*, 359 U.S. 535 (1959); *Service v. Dulles*, 354 U.S. 363 (1957); *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954); *Matter of Santos*, 19 I&N Dec. 105 (BIA 1984); *Matter of Garcia-Flores*, 17 I&N Dec. 325 (BIA 1980) (holding that violation of a Service regulation can result in proceedings being invalidated where the regulation serves a purpose of benefit to the alien and the violation prejudiced interests of the alien which were protected by the regulation).

Although the Service maintained at the respondent's September 10, 1991, deportation hearing that the filing of an Order to Show Cause is not mandated by law or regulation in this case, the regulations cited above provide otherwise. According to 8 C.F.R. § 242.1(a) (1992), proceedings need not be commenced with an Order to Show Cause for an alien admitted under the Visa Waiver Pilot Program *"other* than such an alien who as [sic] applied for asylum in the United States." (Emphasis added.) In this latter case, 8 C.F.R. § 242.1(d) (1992) provides that an alien "shall be brought into proceedings as otherwise provided in this part." That is, through the filing of an Order to Show Cause.

In this case, the Service submits that the respondent entered the United States under the Visa Waiver Pilot Program. The respondent has applied for asylum. In such circumstances, the Service regulations require that proceedings be commenced before the immigration judge by the filing of an Order to Show Cause. Inasmuch as the Service has not filed an Order to Show Cause with the Office of the Immigration Judge, we find that proceedings before the immigration judge have not commenced. Consequently, the immigration judge lacked jurisdiction to conduct the respondent's deportation hearing. The respondent's appeal will be sustained and the immigration judge's decision will be vacated.

**ORDER:** The respondent's appeal is sustained and the immigration judge's decision is vacated.