# In re Manuel Ignacio GALLARDO-Fresneda, Respondent

## File A74 171 445 - Krome

*Original Panel Decision September 29, 1995*
*Decided En Banc as Amended January 17, 1996*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien's admission pursuant to the Visa Waiver Pilot Program does not curtail his ability to obtain a bond redetermination hearing when the Immigration and Naturalization Service has issued an Order to Show Cause and Notice of Hearing (Form I-221) and the alien has applied for asylum and withholding of deportation.

FOR RESPONDENT: Roberto A. Godoy, Esquire, Miami, Florida

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Roger A. Bernstein, Assistant District Counsel

BEFORE: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, ROSENBERG, MATHON, and GUENDELSBERGER, Board Members

DUNNE, Vice Chairman:

In a memorandum dated September 1, 1995, the Immigration Judge found the respondent ineligible for a bond redetermination hearing and certified the respondent's case to this Board pursuant to 8 C.F.R. § 3.1(c) (1995). Certification will be granted and the record will be remanded to the Immigration Judge.

The record indicates that the respondent is a native of Cuba and citizen of France. He entered the United States on October 29, 1994, as a nonimmigrant visitor pursuant to the Visa Waiver Pilot Program as set forth at section 217 of the Immigration and Nationality Act, 8 U.S.C. § 1187 (1994). The Order to Show Cause and Notice of Hearing (Form I-221), issued on June 22, 1995, alleges that the respondent remained in the United States beyond his authorized stay; as a result, the Immigration and Naturalization Service has charged the respondent with deportability under section 241(a)(1)(B) of the Act, 8 U.S.C. § 1251(a)(1)(B) (1994).

Subsequent to the Service's determination of the respondent's deportability, the respondent requested asylum in the United States and submitted a Request for Asylum in the United States (Form I-589).[1] Inasmuch as the Service held the respondent without bond by directive of the district director, the respondent requested a bond redetermination hearing before an Immigration Judge. The Immigration Judge declined to conduct a bond redetermination hearing, finding that the respondent had waived his right to request a custody hearing. He further found that federal regulations prevented the respondent from appealing his decision, but he certified the respondent's case to the Board pursuant to 8 C.F.R. § 3.1(e).

Upon our review of the record, we find that the respondent is entitled to a bond redetermination hearing pursuant to section 242 of the Act, 8 U.S.C. § 1252 (1994). The nature of his nonimmigrant admission, pursuant to the Visa Waiver Pilot Program, does not curtail his ability to obtain a bond redetermination hearing where the Service has issued an Order to Show Cause and he has requested asylum and withholding of deportation.

Section 217 of the Act provides for a Visa Waiver Pilot Program under which visitors to the United States from specified countries may stay in the United States for up to 90 days without a visa. Section 217(b) provides as follows:

> An alien may not be provided a waiver under the pilot program unless the alien has waived any right -
>
> > (1) to review or appeal under this Act of an immigration officer's determination as to the admissibility of the alien at the port of entry into the United States, or
> >
> > (2) to contest, other than on the basis of an application for asylum, any action for deportation against the alien.

Similarly, federal regulations provide that a deportable alien who entered under the provisions of section 217 "shall be removed . . . without referral of the alien to an immigration judge," except that an alien "who applies for asylum in the United States must be referred to an immigration judge for a determination of deportability." *See* 8 C.F.R. § 217.4(c) (1995); *see also* 8 C.F.R. § 242.1(a) (1995). In *Matter of L-*, 20 I&N Dec. 553 (BIA 1992), we found that when a deportable alien admitted under section 217 of the Act requests asylum in the United States, the subsequent proceedings against the alien must commence with an Order to Show Cause. *See* 8 C.F.R. § 242.1(d)[2]

---

[1] Federal regulations provide that an alien who has been admitted to the United States under the provisions of section 217 of the Act who is determined by an immigration officer to be deportable may be removed without referral of the alien to an Immigration Judge, unless the respondent has applied for asylum. *See* 8 C.F.R. § 217.4(c) (1995).

[2] We have also found, in *Matter of H-*, 20 I&N Dec. 611 (BIA 1992), that exclusion proceedings against an applicant who has been refused admission under section 217 of the Act and who has applied for asylum must commence with a Notice to Applicant for Admission Detained for Hearing before Immigration Judge (Form I-122).

Subsequent to the Service's filing of the Order to Show Cause with the Immigration Court, "[j]urisdiction vests, and proceedings before an Immigration Judge commence." *See* 8 C.F.R. § 3.14 (1995).

In the respondent's case, the Service correctly issued the respondent an Order to Show Cause in response to the respondent's request for asylum. *See Matter of L-, supra.* The respondent, now formally charged, remains in custody awaiting a hearing on the merits of his asylum application. The Immigration Judge found, notwithstanding his authority to conduct the respondent's impending deportation hearing, that the language set forth at section 217 of the Act still limits the respondent's right to contest any action for deportation "other than to have an application for asylum heard." We do not read the statute so narrowly; rather, we find that the regulations clearly allow for bond proceedings upon the Service's issuance of the respondent's Order to Show Cause.

As we held in *Matter of L-, supra*, proceedings need not be commenced with an Order to Show Cause for an alien admitted under the Visa Waiver Pilot Program "*other* than such an alien who has applied for asylum in the United States." 8 C.F.R. § 242.1(a) (emphasis added). However, when an alien has applied for asylum, regulations provide that the Visa Waiver Pilot Program nonimmigrant "shall be brought into proceedings *as otherwise provided in this part.*" *See* 8 C.F.R. § 242.1(d) (emphasis added). Elsewhere in 8 C.F.R. § 242, regulations otherwise provide not only for the filing of an Order to Show Cause, but also for the release of an alien from custody. *See* 8 C.F.R. § 242.2(d).

Specifically, 8 C.F.R. § 242.2(d) provides that after the Service's issuance of an Order to Show Cause, and at any time before a deportation order becomes administratively final:

> upon application by the respondent for release from custody . . . an Immigration Judge may exercise the authority contained in section 242 of the Act to continue to detain a respondent in custody, or to release a respondent from custody, and to determine whether a respondent shall be released under bond, and the amount of the bond, if any.

Moreover, federal regulations at 8 C.F.R. § 242.2(d), as well as section 242 of the Act, not only address the charging document and the bond proceedings, but also set forth the provisions under which the Immigration Judge must conduct the hearing, as well as various notice requirements and appeal rights. We do not find that Congress ever intended for section 217 of the Act to deny the respondent the opportunity to request a bond redetermination hearing. Rather, the regulations specifically state that asylum applicants, such as the respondent, shall be brought under proceedings consistent with the provisions set forth in section 242 of the Act. *See* 8 C.F.R. § 242.1(d).

Accordingly, we find that the Immigration Judge has the authority to conduct the respondent's bond redetermination hearing pursuant to section 242 of the Act and federal regulations. *See* 8 C.F.R. §§ 3.14, 3.19 (1995).

Consequently, we will remand the record to the Immigration Court to allow the respondent the opportunity to pursue such a request.

   **ORDER:**   The record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion.