# In re FINNAIR FLIGHT AY103

File A99 970 080 - New York City

*Decided June 26, 2001*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A carrier is subject to a fine under section 273(a) of the Immigration and Nationality Act, 8 U.S.C. § 1323(a) (1994), for bringing an alien passenger to the United States without a valid nonimmigrant visa even though the passenger was subsequently granted a waiver of the nonimmigrant documentary requirements pursuant to 8 C.F.R. § 212.1(g) (1997).

FOR CARRIER: Jonathan A. Fuchs, Esquire, Brooklyn, New York

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Javier Balasquide, Appellate Counsel

BEFORE:   Board Panel:  COLE, GRANT, and BRENNAN, Board Members.

COLE, Board Member:

In a decision dated June 17, 1999, the director of the Immigration and Naturalization Service National Fines Office ("director") imposed an administrative fine totaling $2,250 for one violation of section 273(a) of the Immigration and Nationality Act, 8 U.S.C. § 1323(a) (1994).[1]  The carrier appealed.  On January 14, 2000, we dismissed the carrier's appeal.  However, on May 4, 2000, we granted the parties' joint motion to reconsider our January 14, 2000, decision, vacated that decision, and reinstated the carrier's appeal.  The appeal will be dismissed.[2]

---

[1]  Since the time of the passenger's arrival in the United States, section 273(a) of the Act has been redesignated as section 273(a)(1) of the Act. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, § 308(c)(3)(A), 110 Stat. 3009-546, 3009-616.

[2]  The request for oral argument before the Board was granted, and oral argument was held on April 26, 2001.

## I.  BACKGROUND

### A.  Factual History

The carrier brought the passenger, a native and citizen of Taiwan, from Finland to the United States on October 6, 1996.  The passenger, who was coming to the United States to study, requested admission as a student pursuant to section 101(a)(15)(F)(i) of the Act, 8 U.S.C. § 1101(a)(15)(F)(i) (1994).  However, the "F-1" visa contained in the passenger's passport was expired.  Moreover, although the passenger's passport contained a single entry "B-2" visa, the passenger had previously made the permitted single entry.  *See* section 101(a)(15)(B) of the Act.  Thus, the passenger submitted an Application for Waiver of Passport and/or Visa (Form I-193) to the Service.  The passenger's application was approved on October 6, 1996, and a waiver of the visa requirements was granted pursuant to section 212(d)(4) of the Act, 8 U.S.C. § 1182(d)(4) (1994).

On November 1, 1996, the director issued a Notice of Intention to Fine Under Immigration and Nationality Act (Form I-79), in which the director alleged that the carrier violated section 273(a) of the Act by bringing the alien passenger to the United States without an unexpired visa or passport and that, therefore, the carrier was liable for an administrative fine in the amount of $3,000.

In a response dated November 8, 1996, the carrier requested that the fine be terminated.  According to the carrier, section 273(a) of the Act applies only where the alien was required to have an unexpired visa.  The carrier argued that because the passenger's Form I-193 application was granted, the passenger was placed in a class of aliens that do not require an unexpired visa.

The carrier further argued that although the Service amended 8 C.F.R. § 212.1(g) (1997) in March 1996, the Department of State's corresponding regulation, 22 C.F.R. § 41.2(j) (1997), was not amended.  It asserted that, under the language of 22 C.F.R. § 41.2(j), a visa was not required of the passenger.  The carrier therefore argued that because 22 C.F.R. § 41.2(j) is a regulation issued under the Act, namely under section 212(d)(4) of the Act, and because the passenger was not required to have a visa under that regulation, the carrier was not liable for a fine pursuant to section 273(a) of the Act.

The carrier also argued that the 1996 amendment of 8 C.F.R. § 212.1(g) was void because it was not jointly promulgated with the Department of State, as required under section 212(d)(4) of the Act.  Moreover, the carrier contended that if both the amended version of 8 C.F.R. § 212.1(g) and 22 C.F.R. § 41.2(j) were deemed valid, carriers would be subject to conflicting regulations of equal authority under the Act.  In addition, the carrier argued that even if the amended version of 8 C.F.R. § 212.1(g) were not void, it would be ineffective because the regulation's preamble exempts all of the paragraphs that follow, including paragraph (g).

## B.  Director's Decision

In a decision dated June 17, 1999, the director noted the carrier's arguments but nonetheless found the carrier liable for the fine.  The director found "no persuasive weight" to the carrier's contention that it was immune from liability because 22 C.F.R. § 41.2(j) had not been amended.  The director stated that both the Service and the State Department regulations would have to provide for "blanket" waivers in order for the carrier's argument to have validity.  In addition, the director stated that the Department of State has no role in the imposition of fines under section 273 of the Act.

The director also noted that the Service had clearly put all carriers on notice that a waiver of an alien's inadmissibility would not relieve a carrier of liability under section 273 of the Act.  In addition, the director stated that section 103(a)(1) of the Act, 8 U.S.C. § 1103(a)(1) (Supp. V 1999), clearly specifies that "determination and ruling by the Attorney General with respect to all questions of law shall be controlling," and he noted that the Service, not the Department of State, is the Attorney General's agent.  *See* 8 C.F.R. § 2.1 (2001) (delegating to the Commissioner of the Service the authority of the Attorney General to enforce the Act and authorizing the Commissioner to issue regulations necessary or appropriate for the exercise of that delegated authority).  Moreover, the director stated that because the regulations at issue do not deal with matters exclusively within the State Department's "jurisdictional competence," the Service regulation, rather than the State Department regulation, is controlling.

The director also denied remission of the fine under section 273(c) of the Act.  However, based on the carrier's screening procedures and its overall performance level with regard to its passenger volume and its past violations, the director reduced the carrier's fine by 25% to $2,250, pursuant to section 273(e)(1) of the Act.

## C.  Carrier's Arguments on Appeal

On appeal, the carrier argues that 8 C.F.R. § 212.1(g) is invalid, as it was not jointly promulgated by the Attorney General and the Secretary of State.  The carrier asserts that 22 C.F.R. § 41.2(j), which on October 6, 1996, provided for a general or blanket waiver, is the applicable regulation.  The carrier alternatively argues that under 8 C.F.R. § 212.1(g), as it existed on October 6, 1996, its conduct was not subject to fine liability under section 273(a) of the Act.  In addition, the carrier argues that 8 C.F.R. § 212.1(g) impermissibly conflicts with 22 C.F.R. § 41.2(j).  The carrier also maintains that the subheading "General

Waiver Authorized" in section 212(a)(7)(B)(ii) of the Act, 8 U.S.C. § 1182(a)(7)(B)(ii) (1994), signifies that the only type of waiver permitted in this situation is a general or blanket waiver.[3]

## II. ANALYSIS

In adjudicating fines cases involving waivers, we have held that we must look at the statute and the regulation in effect at the time liability is being alleged. *See Matter of Air India Airlines Flight No. AI 101*, Interim Decision 3388 (BIA 1999). Moreover, in considering the language of a given regulation involving a waiver, we have examined whether it was "written in a manner to make clear that a visa was not required . . . if a waiver had been granted." *Id.* at 8; *see also Matter of Plane "CUT-604"*, 7 I&N Dec. 701 (BIA 1958); *Matter of PAA Plane Flight 204*, 6 I&N Dec. 810 (BIA 1955); *Matter of Plane CCA CUT 532*, 6 I&N Dec. 262 (BIA 1954). Thus, in the instant case, we must look at the applicable statute and regulation in effect on October 6, 1996, and examine the plain meaning of the language of the regulation to determine whether it was "written in a manner to make clear that a visa was not required . . . if a waiver had been granted." *Matter of Air India Airlines Flight No. AI 101*, *supra*, at 8.

## A. Section 273(a) of the Act

The parties do not dispute that section 273(a) of the Act is the applicable statute in the instant case. Section 273(a) of the Act provides that it shall be unlawful for any person "to bring to the United States from any place outside thereof (other than from foreign contiguous territory) any alien who does not have a valid passport and an unexpired visa, *if a visa was required under this Act or regulations issued thereunder*." (Emphasis added.)[4]

## B. Applicable Regulation

The parties *do* dispute which regulation is applicable to the instant case. The carrier argues that 22 C.F.R. § 41.2(j), as in effect on October 6, 1996, should

---

[3] We find no merit to this argument and note that the carrier has cited no support for it. *See Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206 (1998). Accordingly, we find it unnecessary to address this argument in Section II of this decision.

[4] Our most recent decision considering section 273(a) of the Act is *Matter of United Airlines Flight UA802*, Interim Decision 3396 (BIA 1999), which also involved a nonimmigrant passenger who lacked proper documents. However, *Matter of United Airlines Flight UA802* does not apply in the instant case, as it was controlled by 8 C.F.R. § 212.1(g) prior to the March 22, 1996, amendment of that provision, and because it involved a nonimmigrant passenger who was paroled into the United States by the Service rather than one who was granted a waiver.

apply, whereas the Service argues that 8 C.F.R. § 212.1(g), as amended on March 22, 1996, should apply.

## 1.  Validity of 8 C.F.R. § 212.1(g)

As a threshold issue, we consider the validity of 8 C.F.R. § 212.1(g), as amended on March 22, 1996.  The carrier calls into question the validity of the regulation because it was not promulgated jointly by the Attorney General and the Secretary of State pursuant to section 212(d)(4) of the Act.[5]  We first note that, pursuant to 8 C.F.R. § 2.1, the Attorney General has delegated to the Commissioner of the Service the authority to issue regulations in this regard.[6]  Moreover, section 212(d)(4) of the Act does not expressly require that the Attorney General and the Secretary of State jointly promulgate regulations issued thereunder.  Rather, section 212(d)(4) states that the requirements of section 212(a)(7)(B)(i) of the Act may be waived by the Attorney General and the Secretary of State acting jointly.  For the reasons stated below, we find that the amended version of 8 C.F.R. § 212.1(g) does satisfy the joint action requirement of section 212(d)(4) of the Act.

On July 30, 1991, the Commissioner of the Service issued a proposed rule with the concurrence of the State Department's Assistant Secretary for Consular Affairs.  *See* Waivers of Certain Types of Visas, 56 Fed. Reg. 36,028 (1991).  The proposed rule sought to amend 8 C.F.R. § 212.1(g) to permit district directors, acting alone, to waive a nonimmigrant's visa or passport requirements under section 212(d)(4)(A) of the Act in individual cases because of unforeseen emergency.  Previously, the regulation provided that the concurrence of the Department of State Visa Office was required for such a waiver.  In the Supplementary Information section, the proposed rule stated the following:

> Pursuant to the authority delegated to the Commissioner of the Immigration and Naturalization Service by title 8 U.S.C. section 103 and to the Director of the Visa Office of the Department of State by title 8 U.S.C. section 104, the Commissioner and the Director of the Visa Office, acting jointly, have determined that the current procedure is time consuming for the Visa Office, the ports of entry, and the nonimmigrant alien seeking the waiver.  Further, . . . officers of the Department of State concur with the recommendations from the ports in over 95% of the cases presented.  The proposed

---

[5]  Section 212(d)(4) of the Act states, in relevant part, as follows:

Either or both of the [nonimmigrant documentary] requirements of paragraph (7)(B)(i) of subsection (a) [of section 212 of the Act] may be waived by the Attorney General and the Secretary of State acting jointly (A) on the basis of unforeseen emergency in individual cases . . . .

[6]  In *Matter of Hemblen*, 14 I&N Dec. 739, 741 (BIA 1974), we stated that section 103 of the Act gives the Attorney General broad authority to promulgate regulations in furtherance of the purposes of the statute; if a regulation is reasonably related to the purposes of the Act, it will be deemed valid.  We also note that the history of 8 C.F.R. § 212.1(g) reflects that the Commissioner, not the Attorney General, promulgated the regulations in this area on behalf of the Department of Justice.

simplification of the procedure will result in a savings of resources for both agencies and quicker admission of the nonimmigrant alien.

On the same date, the Department of State also issued a proposed rule. *See* Visas: Documentation of Nonimmigrants Under the Immigration and Nationality Act; Waiver by Secretary of State and Attorney General of Passport and/or Visa Requirements for Certain Categories of Nonimmigrants, 56 Fed. Reg. 36,029 (1991). The Summary section of the proposed rule stated that "[t]his rule authorizes the INS District Director to exercise the Department of State's function with respect to waiver of the passport and/or visa requirement under the provisions of section 212(d)(4)(A) [of the Act]." The proposed rule was issued by the State Department's Assistant Secretary for Consular Affairs with the concurrence of the Commissioner of the Service.

The proposed Service rule, with minor changes, became a final rule on January 11, 1994. *See* 59 Fed. Reg. 1467 (1994) (codified at 8 C.F.R. Part 212). The proposed State Department rule, with minor changes, also became a final rule on January 11, 1994. *See* 59 Fed. Reg. 1473 (1994) (codified at 22 C.F.R. Part 41).[7]

Through this promulgation, the Department of State, in effect, delegated its role with regard to "unforeseen emergency" waivers to the Service in a manner that reflects joint action in the implementing rulemaking. We note that this is consistent with section 104(a) of the Act, 8 U.S.C. § 1104(a) (1994), which authorizes the Secretary of State

> to confer or impose upon any employee of the United States, with the consent of the head of the department or independent establishment under whose jurisdiction the employee is serving, any of the powers, functions, or duties conferred or imposed by this Act or regulations issued thereunder upon officers or employees of the Department of State or of the American Foreign Service.

As the Department of State delegated its role with regard to "unforeseen emergency" waivers, it follows that it would not have participated in further amendments to 8 C.F.R. § 212.1(g). Moreover, at no point subsequent to the prior rules becoming final on January 11, 1994, has there been a reversal of the State Department's relinquishment of its previous role in concurring on the waivers. In fact, in 1999, the Department of State amended 22 C.F.R. § 41.2(j) to more closely resemble the amended version of 8 C.F.R. § 212.1(g), evidencing its agreement with the Service's application and amendment of its regulation. *See* Visas: Documentation of Nonimmigrants—Passport and Visa

---

[7] In the Supplementary Information section of this final rule, the following is stated:

> [T]he Department of State will continue to exercise the authority vested in the Secretary of State and the Attorney General under the provisions of INA 212(d)(4)(A) relating to the joint concurrence in documentary waivers, *except in the circumstances described in § 41.2(j)* of this final rule. (Emphasis added.)

Waivers; Deletion of Obsolete Visa Procedures and Other Minor Corrections, 64 Fed. Reg. 28,915 (1999) (codified at 22 C.F.R. Parts 41 and 42).

Thus, we conclude that the 1996 amendment of 8 C.F.R. § 212.1(g) is a valid regulation promulgated under section 212(d)(4) of the Act and is therefore the applicable regulation in the instant case.

## 2. Effect of 8 C.F.R. § 212.1(g)

The carrier argues that even under the amended version of 8 C.F.R. § 212.1(g), it is not liable for a fine. However, a plain reading of the regulation leads us to a different conclusion. The language in effect on October 6, 1996, the date on which fine liability is alleged, read as follows:

Documentary requirements for nonimmigrants.

A valid unexpired visa and an unexpired passport . . . shall be presented by each arriving nonimmigrant alien . . . except as otherwise provided in this Act, this chapter, and for the following classes:

. . . .

(g) *Unforeseen emergency*. A nonimmigrant seeking admission to the United States must present an unexpired visa and a passport valid for the amount of time set forth in section 212(a)(7)(B) of the Act, or a valid border crossing identification card at the time of application for admission, unless the nonimmigrant satisfies the requirements described in one or more of the paragraphs (a) through (f) or (i) of this section. Upon a nonimmigrant's application on Form I-193, a district director at a port of entry may, in the exercise of his or her discretion, on a case-by-case basis, waive the documentary requirements, if satisfied that the nonimmigrant cannot present the required documents because of an unforeseen emergency.

8 C.F.R. § 212.1.

The carrier has focused on the introductory language. However, one must look not only to the introductory language, but also to the language that follows, to determine whether the regulation was "written in a manner to make clear that a visa was not required . . . if a waiver had been granted." *Matter of Air India Airlines Flight No. AI 101*, *supra*, at 8.

In examining the language that follows, it is notable that, unlike almost all of the other relevant paragraphs in this section—which contain some form of the words "a visa is not required"—paragraph (g) starts with language stating that a nonimmigrant *must* present an unexpired visa and a valid passport unless the nonimmigrant satisfies the requirements in one or more of the paragraphs (a) through (f) or (i). That language is followed by language stating that the district director *may* waive the documentary requirements.

We find that, taken as a whole, the language of amended 8 C.F.R. § 212.1(g) requires that a nonimmigrant alien have an unexpired visa. *See Matter of Air*

*India Airlines Flight No. AI 101*, *supra*. Consequently, because a visa was required pursuant to the regulations issued under the Act, the carrier is liable for a fine under section 273(a) of the Act.

### 3. Conflict Between 8 C.F.R. § 212.1(g) and 22 C.F.R. § 41.2(j)

The carrier argues, however, that, if the amended 8 C.F.R. § 212.1(g) is deemed valid *and* not a blanket waiver, there is an impermissible conflict with 22 C.F.R. § 41.2(j). To the extent that the respondent is challenging the constitutionality of the Service's regulations or claiming that the conflict is unconstitutional, we note that it is well settled that the Board lacks jurisdiction to entertain such constitutional challenges. *See Matter of C-*, 20 I&N Dec. 529 (BIA 1992); *see also Matter of Fuentes-Campos*, 21 I&N Dec. 905 (BIA 1997). Moreover, we note that the Department of State has delegated to the Service its role with regard to "unforeseen emergency" waivers. We also note that the Service's regulation is within its authority under 8 C.F.R. § 2.1.

In addition, as we stated in a prior precedent decision involving a State Department regulation, "even assuming the State Department regulation evidenced a clear conflict with the position we have taken, we note that this Board, as the Attorney General's delegate, is charged by law with interpreting questions of law within our jurisdiction under the Act and, in this instance, for the reasons stated, we would depart from the State Department regulation:

> The Attorney General shall be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens, except insofar as this Act or such laws relate to the powers, functions, and duties conferred upon the President, the Secretary of State, the officers of the Department of State, or diplomatic or consular officers: *Provided, however,* That determination and ruling by the Attorney General with respect to all questions of law shall be controlling.

*Matter of Esposito*, 21 I&N Dec. 1, 5 (BIA 1995) (quoting section 103(a) of the Act, 8 U.S.C. § 1103(a) (1988)).[8]

## III. CONCLUSION

The passenger was granted a waiver under a regulation that did not clearly exempt the passenger from the nonimmigrant documentary requirements. *See Matter of Air India Airlines Flight No. AI 101*, *supra*. Thus, the carrier is liable for a fine under section 273(a) of the Act.[9]

Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

[8] The Service also correctly points out that Service regulations are binding on the director of the National Fines Office. *See Matter of L-*, 20 I&N Dec. 553, 556 (BIA 1992).

[9] On appeal, the carrier asserts only that no fine liability exists and does not contend that it exercised reasonable diligence in boarding the passenger. *See* section 273(c) of the Act.