# Matter of A-W-, Applicant

*Decided June 30, 2009*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) The Attorney General has not delegated authority to Immigration Judges, under 8 C.F.R. § 1236.1(d) (2009), to redetermine the conditions of custody imposed by the Department of Homeland Security with respect to aliens who have not been issued and served with a Notice to Appear (Form I-862) in relation to removal proceedings pursuant to 8 C.F.R. Part 1240 (2009).

(2) An alien admitted to the United States pursuant to the Visa Waiver Program who has not been served with a Notice to Appear pursuant to 8 C.F.R. Part 1240 is not entitled to a custody hearing before an Immigration Judge under 8 C.F.R. § 1236.1(d). *Matter of Gallardo*, 21 I&N Dec. 210 (BIA 1996), superseded.

FOR APPLICANT: Darryl L. Wynn, Esquire, New York, New York

BEFORE: Board Panel: PAULEY, ADKINS-BLANCH, and WENDTLAND, Board Members.

PAULEY Board Member:

In a decision dated January 29, 2009, an Immigration Judge denied the applicant's request for a change in custody status, finding that he lacked jurisdiction to set bond. The applicant has appealed from that decision. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The applicant was placed in asylum-only proceedings as a Visa Waiver Program violator pursuant to a Notice of Referral to Immigration Judge (Form I-863) dated December 9, 2008. He filed a motion to request a bond redetermination hearing on December 15, 2008, seeking to have a bond set. The Government opposed the motion, asserting that the Immigration Judge lacked jurisdiction because the applicant was admitted pursuant to the Visa Waiver Program and was in asylum-only proceedings.

On March 5, 2009, the Immigration Judge prepared a bond memorandum setting forth the reasons for his decision. In finding that he lacked jurisdiction to decide the applicant's request for a bond redetermination hearing, the Immigration Judge noted the applicant's reliance on *Matter of Gallardo*, 21 I&N Dec. 210 (BIA 1996). In that case we held that an alien in deportation proceedings who was admitted pursuant to the Visa Waiver Program and had applied for asylum could request a bond redetermination hearing before an Immigration Judge. The Immigration Judge found that our decision has been superseded by the regulations at 8 C.F.R. § 1208.2(c) (2009), which limit the scope of an Immigration Judge's review in asylum-only proceedings.[1]

## II. ANALYSIS

On appeal the applicant argues that the regulations do not limit the authority of the Immigration Judge to conduct a bond redetermination hearing in his case. It is well established, however, that the Immigration Judges only have the authority to consider matters that are delegated to them by the Attorney General and the Immigration and Nationality Act. *See* 8 C.F.R. § 1003.10(b) (2009); *see also Matter of D-J-*, 23 I&N Dec. 572, 575 (A.G. 2003); *Matter of Cazares*, 21 I&N Dec. 188, 193 (BIA 1996, 1997; A.G. 1996). In the context of custody proceedings, an Immigration Judge's authority to redetermine conditions of custody is set forth in 8 C.F.R. § 1236.1(d) (2009). The regulations only provide Immigration Judges with authority to redetermine the conditions of custody imposed by the Department of Homeland Security ("DHS") with respect to aliens against whom an arrest warrant has been issued in conjunction with the service of a Notice to Appear (Form I-862) relating to removal proceedings pursuant to 8 C.F.R. Part 1240 (2009).[2] *See* 8 C.F.R. §§ 1236.1(a)-(d). Thus, Immigration Judges have only

---

[1] According to 8 C.F.R. § 1208.2(c)(1)(iv), Immigration Judges have exclusive jurisdiction over asylum applications filed by aliens who have been admitted pursuant to the Visa Waiver Program. However, 8 C.F.R. § 1208.2(c)(3)(i) provides that the Immigration Judge's scope of review under that section is "limited to a determination of whether the alien is eligible for asylum . . . and whether asylum shall be granted in the exercise of discretion." The regulation further states that "[d]uring such proceedings, all parties are prohibited from raising or considering any other issues, including but not limited to issues of admissibility, deportability, eligibility for waivers, and eligibility for any other form of relief." *Id.*

[2] Under 8 C.F.R. § 1003.14(a) (2009), a Notice to Appear is not required to be filed with the immigration court to commence bond proceedings pursuant to 8 C.F.R. §§ 1003.19, 1236.1(d), and 1240.2(b) (2009). Bond determinations under 8 C.F.R. § 1003.19 are those made by the DHS pursuant to 8 C.F.R. Part 1236. *See* 8 C.F.R. § 1003.19(a). As noted above, 8 C.F.R. § 1236.1(d) relates solely to aliens in removal proceedings under

(continued...)

been granted authority to redetermine the conditions of custody of aliens who have been issued and served with a Notice to Appear in relation to removal proceedings pursuant to 8 C.F.R. Part 1240.[3]

The applicant is not in removal proceedings under 8 C.F.R. Part 1240 and, as a matter of law, may not be put in removal proceedings pursuant to those regulations. *Matter of Kanagasundram*, 22 I&N Dec. 963 (BIA 1999). Thus, the Immigration Judge has not been granted authority to redetermine the conditions of the applicant's custody under 8 C.F.R. § 1236.1(d).

In this regard, we find that our decision in *Matter of Gallardo*, 21 I&N Dec. 210, is inapplicable to this case. The alien in *Gallardo* was in deportation proceedings commenced by the filing of an Order to Show Cause and Notice of Hearing (Form I-221), and the Immigration Judge had authority to redetermine the conditions of custody of aliens in deportation proceedings under 8 C.F.R. § 242.2(d) (1995), the custody regulation applicable to aliens in deportation proceedings at that time. The applicant, however, is in asylum-only proceedings that were commenced with the filing of a Form I-863 with the immigration court. *See* 8 C.F.R. §§ 217.4(b)(1), 1208.2(c)(1)(iv) (2009); *see also Matter of Kanagasundram*, 22 I&N Dec. 963. The applicable custody regulation at 8 C.F.R. § 1236.1(d) does not confer general custody jurisdiction over his case on the Immigration Judge in this matter. Indeed, as the Immigration Judge correctly stated, his authority over the applicant is now expressly limited to a determination whether the applicant is eligible for asylum or withholding of removal. *See* 8 C.F.R. § 1208.2(c)(3)(i).

Moreover, the statutory authority for the applicant's detention is contained in section 217(c)(2)(E) of the Act, 8 U.S.C.A. § 1187(c)(2)(E) (West Supp. 2008), not section 236 of the Act, 8 U.S.C. § 1226 (2006). The authority to detain the applicant has been transferred to the Secretary of Homeland Security

---

(...continued)
8 C.F.R. Part 1240. Similarly, 8 C.F.R. § 1240.2(b) relates to the assignment of a DHS attorney in removal proceedings under 8 C.F.R. Part 1240. Thus, 8 C.F.R. § 1003.14(a) is designed to give aliens who have been served with a Notice to Appear relating to removal proceedings under 8 C.F.R. Part 1240 and who have been taken into custody pursuant to a warrant of arrest issued in conjunction with the Notice to Appear an opportunity to seek release from custody before an Immigration Judge prior to the filing of the Notice to Appear with an immigration court. It also provides for the assignment of an attorney by the DHS at such a bond hearing.

[3] The authority of an Immigration Judge to redetermine the conditions of custody of aliens in removal proceedings under 8 C.F.R. Part 1240 is further circumscribed by 8 C.F.R. § 1003.19(h)(2)(i). However, in limited circumstances not applicable to this matter, an Immigration Judge does have authority to redetermine the conditions of custody of aliens subject to final orders of removal as provided in 8 C.F.R. § 1241.14 (2009).

pursuant to the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135, which created the Department of Homeland Security and assigned or transferred to the Secretary of Homeland Security many of the functions previously exercised by the Attorney General. *See id.* tit. IV, § 441, 116 Stat. at 2192; *see also* 6 U.S.C. § 251 (2006). We note in this regard that the references to the Attorney General in section 217 of the Act now refer to the Secretary of Homeland Security. *See id.* tit. XV, § 1517, 116 Stat. at 2311; *see also* 6 U.S.C. § 557 (2006). Because the Attorney General no longer has authority over bond proceedings relating to aliens, like the applicant, who have been admitted pursuant to the Visa Waiver Program, he cannot delegate any such authority to the Immigration Judge.

In sum, we concur with the Immigration Judge that our holding in *Matter of Gallardo*, 21 I&N Dec. 210, which stated that an alien admitted pursuant to the Visa Waiver Program is eligible to obtain a bond redetermination by an Immigration Judge, has been superseded by regulation. *See* 8 C.F.R. § 1208.2(c). Based on the current statutory and regulatory scheme, we conclude that the Immigration Judge properly determined that he lacked jurisdiction to redetermine the conditions of the applicant's custody. Accordingly, the applicant's appeal will be dismissed.

**ORDER:** The appeal is dismissed.