MATTER OF BILBAO-BASTIDA

In Deportation Proceedings

A-11343968

Decided by Board May 18, 1966

Since a permanent resident alien who, while visiting in Mexico in July 1961 made a two-week visit to Cuba reentering the United States through Mexico upon presentation only of his alien registration receipt card, was excludable under section 212(a)(20), Immigration and Nationality Act, at the time of such reentry because under the regulation then in effect (8 CFR 211.1(b)(1)) an alien registration receipt card was not a valid document for reentry when presented by one who had been in Cuba, he is deportable under section 241(a)(1) of the Act.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Immigrant needing valid entry document and not having one (section 212(a)(20)).

This is an appeal from the order of the special inquiry officer finding respondent deportable upon the ground stated above and granting him voluntary departure. The appeal will be dismissed.

The facts and law have been discussed in detail by the special inquiry officer. Briefly, respondent, a 31-year-old married male alien, a native and citizen of Spain, was admitted to the United States for permanent residence in 1959. While in Mexico on a visit in July 1961, he made a two-week visit to Cuba; he came back to Mexico and from there reentered the United States as a returning resident by showing his alien registration receipt card. The Service contends the card was not a valid entry document. The special inquiry officer sustained the contention. He found that the regulation (8 CFR 211.1(b)(1)), in effect when the respondent entered the United States, provided that an alien registration receipt card was not a valid document for reentry when presented by one who had been in Cuba. He ruled that the respondent had needed a valid immigrant visa when he reentered from Mexico and since he had none he was deportable as charged.

The respondent refused to testify at the hearing but in a statement which had been taken from him under oath in connection with his petition for naturalization he said that he had no definite ideas about visiting Cuba when he went to Mexico on his vacation, that in Mexico he met an individual who asked him to go to Cuba to make inquiry about the individual's sister, and that it was for this reason and just out of curiosity that he went; that he did not know relations between Cuba and the United States had been broken, that he obtained a passport from the Spanish consul in Mexico and a visa from the Cuban authorities before he left Mexico for Cuba, that he had not applied for permission to visit Cuba in the United States because he did not feel it was necessary since he had "read postcards about Cuba—traveling to Cuba * * * in the Agencies a long time ago" (p. 8, Ex. 4). In counsel's brief and at oral argument, however, it was conceded that respondent visited Cuba and reentered on his alien registration receipt card.

Counsel contends that since no statute makes an alien registration receipt card invalid for reentry merely because the holder is coming from Cuba, the regulation creating such a bar administratively is without authority and that a deportation charge which can be sustained only by reference to the regulation is not valid. The simple answer is that the regulation is binding upon this Board (cf. *Swissair* v. *Kennedy*, 327 F.2d 860 (D.C. Cir., 1963); *Holz* v. *Del Guercio*, 259 F.2d 84 (9th Cir., 1958)).

Counsel contends that respondent is not deportable under section 212(a)(20) of the Immigration and Nationality Act which provides for the exclusion of an immigrant "who at the time of application for admission" was not in possession of the appropriate entry document. Counsel contending that the term "application for admission" contemplates the admission of an alien applying for the first time, concludes it does not apply to an alien who returns to the United States from a visit abroad. Section 101(a)(4) of the Act defines the term "application for admission" as having "reference to the application for admission into the United States and not to the application for the issuance of an immigrant or nonimmigrant visa"; the term is not limited in any other manner and we know of no holding that prevents its application to a returning resident. Under the law respondent was required to submit a valid immigrant document before his return to the United States could have been authorized (*U. S. ex rel. Polymeris* v. *Trudell*, 284 U.S. 279; *Holz* v. *Del Guercio supra;* see *Cuesta* v. *United States*, 230 F.2d 704, 707 (5th Cir., 1956)). *Rosenberg* v. *Fleuti*, 374 U.S. 449, cited by counsel is not applicable. Neither the section of la    or the issue concerning "entry".

found in *Fleuti* is before us. In the instant case we have a regulation making a resident alien inadmissible if he has visited Cuba and does not have a visa. This regulation is binding upon us and the alien falls within its confines. Moreover, the fact that the respondent visited Cuba in opposition to the policy reflected in the law would make the *Fleuti* rule inapplicable (see *Matter of Kolk*, Int. Dec. No. 1443; *Matter of Corral-Fragoso*, Int. Dec. No. 1549).

Counsel contends that there is a lack of due process in a procedure which results in issuance to respondent of an alien registration identification card which states that he can depart from the United States and reenter within one year and then makes the card invalid for reentry by a regulation promulgated after the issuance of the card. (The card was issued in 1959.)

The alien registration receipt card contains the following pertinent statement:

This card will be honored in lieu of a visa and passport on condition that the rightful holder is returning to the United States after a temporary absence of not more than one year and is not subject to exclusion under any provision of the immigration laws.

The regulation regarding Cuba came into effect on January 19, 1961 (26 F.R. 482) and was in effect both at the time of respondent's departure to Cuba and his return to the United States. The regulation is part of the immigration laws; the regulation requires the exclusion of a returning resident who has been in Cuba and who does not have a valid visa. The proviso on the card calls attention to the fact that it would not be valid under all circumstances.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.