# MATTER OF FEDE

In Exclusion Proceedings

A-28853270

*Decided by Board May 11, 1989*

(1) A regulation promulgated by the Attorney General has the force and effect of law as to immigration judges and the Board of Immigration Appeals.

(2) As the Attorney General has determined by regulation that immigration proceedings do not come within the scope of the Equal Access to Justice Act, absent a regulatory change or controlling court order, neither an immigration judge nor the Board has authority to consider an application for attorney fees and costs under that Act.

ON BEHALF OF APPLICANT:                   ON BEHALF OF SERVICE:
Frank Murray, Esquire                     Elena R. Stinson
8101 Biscayne Blvd., #200                 General Attorney
Miami, Florida 33138

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

This matter arises as a result of exclusion proceedings held within the jurisdiction of the United States Court of Appeals for the Eleventh Circuit but solely concerns the applicant's application for attorney fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 (1982) ("EAJA"). By decision dated November 15, 1988, the immigration judge denied the application. The applicant appealed. For the reasons set forth below, the appeal will be dismissed.

In his November 15, 1988, decision, the immigration judge concluded that he lacked jurisdiction to consider the fee request based on his finding that exclusion proceedings were not within the scope of the EAJA. While we agree with the immigration judge's conclusion in this regard, there is a more fundamental reason we find that the immigration judge had no authority to consider the request for attorney fees and costs. *See Matter of Anselmo*, Interim Decision 3105 (BIA 1989).

The Board and immigration judges (except as provided by statute) only have such authority as is created and delegated by the Attorney

General.[1] *See* section 103 of the Immigration and Nationality Act, 8 U.S.C. § 1103 (1982); 28 U.S.C. §§ 503, 509 and 510 (1982). Under section 103(a) of the Act, the Attorney General has the authority to issue regulations and his determinations with respect to all questions of law are controlling. A regulation promulgated by the Attorney General has the force and effect of law as to this Board and immigration judges, and neither has any authority to consider challenges to regulations implemented by the Attorney General, any more than there is authority to consider constitutional challenges to the laws we administer. *See* sections 103(a), 236(a), 242(b) of the Act, 8 U.S.C. §§ 1103(a), 1226(a), 1252(b) (1982); 8 C.F.R. § 3.0 (1988); 28 C.F.R. Part 24 (1988); *Matter of Medina*, 19 I&N Dec. 734 (BIA 1988); *Matter of Valdovinos*, 18 I&N Dec. 343 (BIA 1982); *Matter of Bilbao-Bastida*, 11 I&N Dec. 615 (BIA 1966), *aff'd, Bilbao-Bastida v. INS*, 409 F.2d 820 (9th Cir.), *cert. dismissed*, 396 U.S. 802 (1969); *Matter of Tzimas*, 10 I&N Dec. 101 (BIA 1962).

The Attorney General has determined that immigration proceedings do not come within the scope of the EAJA. *See* 28 C.F.R. § 24.103 (1988); *see also* 46 Fed. Reg. 48,921, 48,922 (1981) (interim rule with request for public comment).[2] Neither this Board nor an immigration judge has authority to consider a challenge to the Attorney General's determination in this regard. Thus, absent a regulatory change or controlling court order, an immigration judge has no authority under law or regulation to consider an application for attorney fees under the provisions of the EAJA. The United States Court of Appeals for the Ninth Circuit has held en banc that the EAJA does apply to deportation hearings before the immigration judges and the Board. *Escobar Ruiz v. INS*, 838 F.2d 1020 (9th Cir. 1988). *But cf. Owens v.*

---

[1] Even the specific grants of statutory authority to immigration judges in the Act (i.e., to conduct exclusion and deportation proceedings) are subject to limitations. For example, exclusion proceedings must be conducted in accordance with sections 235, 236, and 287(b) of the Act, 8 U.S.C. §§ 1225, 1226, and 1357(b) (1982), and "such regulations as the Attorney General shall prescribe." Section 236 of the Act. In deportation proceedings, the immigration judge may only make determinations "as authorized by the Attorney General" and the proceedings themselves must "be in accordance with such regulations, not inconsistent with this Act, as the Attorney General shall prescribe." Section 242(b) of the Act, 8 U.S.C. § 1252(b) (1982).

[2] The supplemental information published with the 1981 interim rule made clear that the omission of deportation and exclusion proceedings from the rule was intentional. None of the three comments received, including the "extensive comments" from the Administrative Conference of the United States, addressed the specific statement that the EAJA did not apply to deportation and exclusion hearings or commented on the express language of 28 C.F.R. § 24.103 (1981) ("adversary adjudications required by statute to be conducted by the Department under 5 U.S.C. 554"). *See* 47 Fed. Reg. 15,774 (1982) (Supplementary Information).

*Brock,* 860 F.2d 1363 (6th Cir. 1988). However, authority from one circuit is not binding in another. *State of Ga. Dep't of Medical Assist. v. Bowen,* 846 F.2d 708, 710 (11th Cir. 1988); *Generali v. D'Amico,* 766 F.2d 485, 489 (11th Cir. 1985).

Thus, in view of the controlling Departmental regulations, we find that the immigration judge in this case had no authority to consider an application for attorney fees and costs under the EAJA. Accordingly, the appeal from the November 15, 1988, immigration judge's decision denying the application for fees and costs will be dismissed.

**ORDER:** The appeal is dismissed.