# MATTER OF H-

## In Exclusion Proceedings

## A-71537966

### *Decided by Board November 10, 1992*

Proceedings against an alien who has been refused admission under the Visa Waiver Pilot Program and who has applied for asylum in the United States must be commenced with a Notice to Applicant for Admission Detained for Hearing before Immigration Judge (Form I-122).

EXCLUDABLE: Refused admission pursuant to section 217 of the Act

ON BEHALF OF APPLICANT:
Jules E. Coven, Esquire
Lebenkoff & Coven
505 Fifth Avenue
New York, New York 10017

ON BEHALF OF SERVICE:
David M. Dixon
Appellate Counsel

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In an oral decision dated March 6, 1992, the immigration judge terminated the applicant's proceedings and certified his decision to this Board pursuant to 8 C.F.R. § 3.1(c) (1992). The decision of the immigration judge will be affirmed.

The record reflects that the applicant arrived in the United States on January 13, 1992, and sought entry pursuant to the Visa Waiver Pilot Program provisions found at section 217 of the Immigration and Nationality Act, 8 U.S.C. § 1187 (1988), and 8 C.F.R. §§ 217.1-.6 (1992).

The applicant is an 18-year-old citizen and national of the People's Republic of China. Upon his arrival in this country, he presented a Japanese passport bearing his picture to an Immigration and Naturalization Service inspector. He was referred to secondary inspection for a closer examination of his passport. The Service inspectors in secondary inspection determined that the original photograph in the passport had been replaced by the applicant's photograph; that the applicant was not the person to whom the passport had been issued; and that the applicant was a citizen of the People's Republic of China, not Japan. When the applicant requested asylum in the United States,

the Service brought him before an immigration judge for a determination of his eligibility for asylum.

The applicant appeared before the immigration judge on February 25, 1992. In his oral decision dated March 6, 1992, the immigration judge noted the absence of a charging document in the record, terminated proceedings, and then certified his decision to this Board for review.[1]

On appeal, the Service states that the immigration judge's decision should be affirmed and that the case should be remanded for the issuance of a Notice to Applicant for Admission Detained for Hearing before Immigration Judge (Form I-122). The applicant has submitted no brief on appeal.

Section 217 of the Act provides for a Visa Waiver Pilot Program under which visitors to the United States from specified countries may stay in the United States for up to 90 days without a visa.[2] Section 217(b) states that

[a]n alien may not be provided a waiver under the pilot program unless the alien has waived any right—

(1) to review or appeal under this Act of an immigration officer's determination as to the admissibility of the alien at the port of entry into the United States, or

(2) to contest, other than on the basis of an application for asylum, any action for deportation against the alien.

Subsequent to the enactment of section 217 of the Act, the Service promulgated regulations implementing the Visa Waiver Pilot Program. In *Matter of L-*, 20 I&N Dec. 553 (BIA 1992), we held that, pursuant to the regulatory provisions regarding deportability determinations under section 217 of the Act, proceedings against an alien admitted under the Visa Waiver Pilot Program who has applied for asylum in the United States must be commenced with an Order to Show Cause. The case at hand requires us to interpret the regulatory provisions regarding admissibility determinations for aliens who apply for admission under section 217 of the Act, are found inadmissible at the port of entry, and then apply for asylum.

---

[1] The record reflects that on April 20, 1992, the applicant filed a motion to change venue with the Office of the Immigration Judge in Miami. Since the immigration judge had certified his decision to this Board on March 6, 1992, he no longer retained jurisdiction over the applicant's case when the motion was filed. Given the fact that we will affirm the immigration judge's termination of proceedings for lack of jurisdiction in this case, we need not address the applicant's request for a change of venue.

[2] To date, the following countries have been designated as Visa Waiver Pilot Program countries based on the criteria set forth at sections 217(a)(2)(A) and (c) of the Act: the United Kingdom, Japan, France, Switzerland, Germany, Sweden, Italy, the Netherlands, Andorra, Austria, Belgium, Denmark, Finland, Iceland, Liechtenstein, Luxembourg, Monaco, New Zealand, Norway, San Marino, and Spain. *See* 8 C.F.R. § 217.5(a) (1992).

The current regulatory provisions regarding admissibility determinations are set forth in 8 C.F.R. §§ 217.4(b) and 236.9 (1992). The regulation at 8 C.F.R. § 217.4(b)(1) (1992) provides:

> An alien who applies for admission under the provisions of section 217 of the Act, who is determined by an immigration officer not to be eligible for admission under that section or to be excludable from the United States under one or more of the grounds of excludability listed in section 212 of the Act (other than for lack of visa), or who is in possession of and presents fraudulent or counterfeit travel documents, will be refused admission into the United States and removed. Such refusal and removal ... shall be effected without referral of the alien to an immigration judge for further inquiry, examination, or hearing, *except that an alien who presents himself or herself as an applicant for admission under section 217 of the Act, who applies for asylum in the United States must be referred to an immigration judge for further inquiry.* (Emphasis added.)

In relevant part, 8 C.F.R. § 236.9 (1992) provides:

> Pursuant to section 217(b)(4)(A) [sic] of the Act,[3] an alien who applies for admission to the United States under the provisions of that section must waive any right to review or appeal an immigration officer's determination as to the admissibility of the alien at a port of entry, *other than on the basis of an application for asylum.* An alien applicant for admission under section 217 of the Act shall be removed from the United States upon a determination by an immigration officer ... that the alien is inadmissible in accordance with procedures in § 217.4(b) of this chapter *except that such an alien who applies for asylum in the United States shall be referred to an immigration judge for further inquiry as provided in section 235 of the Act and § 236.3 of this part.* (Emphasis added.)

Section 235(b) of the Act, 8 U.S.C. § 1225(b) (1988), the mechanism through which the Service places aliens into exclusion proceedings before an immigration judge, provides in relevant part:

> Every alien ... who may not appear to the examining immigration officer at the port of arrival to be clearly and beyond a doubt entitled to land shall be detained for further inquiry to be conducted by [an immigration judge].

Additionally, the regulations at 8 C.F.R. § 235.6(a) (1992) provide:

> If, in accordance with the provisions of section 235(b) of the Act, the examining immigration officer detains an alien for further inquiry before an immigration judge, he shall immediately sign and deliver to the alien a Notice to Alien Detained for Hearing by an Immigration Judge (Form I-122).

Finally, the regulations provide that "[j]urisdiction vests and proceedings before an Immigration Judge commence when a charging document is filed with the Office of the Immigration Judge." *See* 8 C.F.R. § 3.14 (1992).

In accordance with the regulations cited above, a Service officer must refer a Visa Waiver Pilot Program applicant who applies for

---

[3] We note that section 217(b)(4)(A) of the Act was redesignated as section 217(b)(1) by section 201(a)(5)(B) of the Immigration Act of 1990, Pub. L. 101-649, 104 Stat. 4978, 5013 (effective Nov. 29, 1990).

asylum "to an immigration judge for further inquiry as provided in section 235 of the Act." *See* 8 C.F.R. § 236.9 (1992). Inasmuch as section 235 of the Act contains no separate provisions regarding Visa Waiver Pilot Program applicants, we conclude that the exclusion proceedings of a Visa Waiver Pilot Program applicant who has applied for asylum commence when a Form I-122 has been filed with the Office of the Immigration Judge. *See* section 235(b) of the Act; 8 C.F.R. §§ 3.14, 235.6(a) (1992).

In this case, the applicant attempted to enter the United States under the Visa Waiver Pilot Program. He was refused admission by the Service officer and then applied for asylum. Inasmuch as the Service has not filed a Form I-122 with the Office of the Immigration Judge, we find that proceedings before the immigration judge have not commenced. Consequently, we will affirm the immigration judge's decision terminating proceedings in this case based on his determination that he lacked jurisdiction to conduct the applicant's hearing.

**ORDER:**     The immigration judge's decision is affirmed.