# In re Suseenthera KANAGASUNDRAM, Respondent

## File A77 478 046 - Elizabeth

*Decided July 29, 1999*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Under the provisions of 8 C.F.R. § 217.4(a)(1) (1999), proceedings against an alien who has been refused admission under the Visa Waiver Pilot Program and who has applied for asylum must be commenced with a Notice of Referral to Immigration Judge (Form I-863).

Amiena Khan, Esquire, New York, New York, for respondent

Irene C. Feldman, Assistant District Counsel, for the Immigration and Naturalization Service

Before: Board Panel: HOLMES, GUENDELSBERGER, and JONES, Board Members.

HOLMES, Board Member:

ORDER:

PER CURIAM. In a decision dated June 3, 1999, an Immigration Judge ruled that the Immigration and Naturalization Service had failed to issue a Notice of Referral to Immigration Judge (Form I-863), as required by 8 C.F.R. § 217.4 (1999). The Immigration Judge terminated proceedings and certified her decision to the Board pursuant to the provisions of 8 C.F.R. § 3.7 (1999). We will consider this case on certification. 8 C.F.R. § 3.1(c) (1999). The decision of the Immigration Judge is affirmed.

The respondent, who now admits that he is a native and citizen of Sri Lanka, applied for admission at Newark International Airport on March 29, 1999. He sought admission under the Visa Waiver Pilot Program ("VWPP") pursuant to section 217 of the Immigration and Nationality Act, 8 U.S.C. § 1187 (1994 & Supp. II 1996), and presented a valid passport issued to a national of the Netherlands. The respondent subsequently acknowledged that the passport was not his own and that he had misrepresented himself as the person named in the passport. The Service referred the respondent for a credible fear interview and, thereafter, issued a Notice to Appear (Form I-

862), charging him with being inadmissible under sections 212(a)(6)(C) and (7)(A)(i)(I) of the Act, 8 U.S.C. §§ 1182(a)(6)(C) and (7)(A)(i)(I) (1994 & Supp. II 1996). Ordinarily an alien inadmissible under sections 212(a)(6)(C) or (7) of the Act is subject to expedited removal. *See* section 235(b) of the Act, 8 U.S.C. § 1225(b) (Supp. II 1996); 8 C.F.R. § 235.3(b)(1) (1999). However, the regulations specifically provide that expedited removal provisions do not apply to those aliens who apply for admission under section 217 of the Act. *See* 8 C.F.R. § 235.3(b)(10). As the respondent applied for admission under section 217 of the Act, the Immigration Judge concluded that the provisions of 8 C.F.R. § 217.4 applied to the respondent. She further ruled that, pursuant to 8 C.F.R. § 217.4, the Service was required to issue a Notice of Referral to Immigration Judge (Form I-863) in this case, rather than a Notice to Appear.

The issue presented is whether the Immigration Judge properly determined that the regulations that govern our proceedings mandate that the respondent in this case be issued a Form I-863, for a proceeding in accordance with the provisions of 8 C.F.R. §§ 208.2(b)(1) and (2) (1999), rather than a Notice to Appear. We find that the Immigration Judge's ruling in this regard was correct.

We initially note that the Attorney General has the authority to issue regulations and that regulations promulgated by the Attorney General have the force and effect of law as to this Board, the Immigration Judges, and the Service. *See* section 103(a)(3) of the Act, 8 U.S.C. § 1103(a)(3) (Supp. II 1996); 8 C.F.R. § 3.0 (1999); *Matter of Anselmo*, 20 I&N Dec. 25 (BIA 1989); *Matter of Torres*, 19 I&N Dec. 371, 375 (BIA 1986); *Matter of Bilbao-Bastida*, 11 I&N Dec. 615, 617 (BIA 1966), *aff'd*, 409 F.2d 820 (9th Cir.), *cert. dismissed*, 396 U.S. 802 (1969); *Matter of Tzimas*, 10 I&N Dec. 101, 102 (BIA 1962). Regulations in effect have the force of law. *United States v. Nixon*, 418 U.S. 683, 695-96 (1974); *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265 (1954). Thus, the existing regulations govern the disposition of this case.

The Service argues that 8 C.F.R. § 217.4 does not apply to the respondent before us because he is not a national of a VWPP designated country. *See* 8 C.F.R. § 217.2(a) (1999). The Service urges that it "has the discretion to apply the provisions of [expedited removal] rather than those of the VWPP." However, the provisions of 8 C.F.R. § 217.4 are not limited to aliens who are actually nationals of VWPP designated countries, but specifically encompass individuals who present fraudulent and counterfeit travel documents from such countries. The regulations, in relevant part, state:

> An alien who *applies for admission* under the provisions of section 217 of the Act, who is determined by an immigration officer not to be eligible for admission under that section or to be inadmissible to the United States under one or more of the grounds of inadmissibility listed in section 212 of the Act (other than for lack of a visa), or who is in *possession of and presents fraudulent or counterfeit travel documents*, will be

refused admission into the United States and removed. Such refusal and removal . . . shall be effected without referral of the alien to an immigration judge for further inquiry, examination, or hearing, *except that an alien who presents himself or herself as an applicant for admission under section 217 of the Act, who applies for asylum in the United States must be issued a Form I-863, Notice of Referral to Immigration Judge, for a proceeding in accordance with § 208.2(b)(1) and (2) of this chapter.*

8 C.F.R. § 217.4(a)(1) (emphasis added).[1]

Thus, the existing regulations mandate that those aliens who apply for admission under section 217 of the Act who apply for asylum "must" be issued a Form I-863 for proceedings in accordance with 8 C.F.R. §§ 208.2(b)(1) and (2). Moreover, as noted above, 8 C.F.R. § 235.3(b)(10) specifies that the procedures for expedited removal set forth in 8 C.F.R. § 235.3(b) "do not apply to an applicant for admission under section 217 of the Act." As the respondent in the instant case applied for admission under section 217 of the Act and sought asylum, the Immigration Judge properly concluded that the Service was required to issue a Notice of Referral to Immigration Judge, Form I-863, rather than a Notice to Appear, Form I-862. Accordingly, we affirm the decision of the Immigration Judge ordering the removal proceedings terminated.

---

[1]This regulatory provision was amended subsequent to the decision of the Board in *Matter of H-,* 20 I&N Dec. 611 (BIA 1992).