**Zhong Hui LIU, Petitioner,**

**v.**

Alberto R. GONZALES,[1] Attorney General, Respondent.

No. 04–1183–AG.

United States Court of Appeals, Second Circuit.

May 10, 2006.

G. Victoria Calle, Calle & Lee, LLP, New York, New York, for Petitioner.

William J. Leone, United States Attorney for the District of Colorado, Mark S. Pestal, Assistant United States Attorney, Denver, Colorado, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. JON O. NEWMAN, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Zhong Hui Liu petitions for review of the February 2004 BIA decision denying his motion for reconsideration of the BIA's November 2003 decision denying his appli-

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

cation for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Although Liu and the Government analyze the merits of Liu's asylum, withholding of removal, and CAT claims and the IJ's adverse credibility determination under the substantial evidence standard, Liu did not petition this Court for review of the BIA's November 2003 summary affirmance, but rather of the BIA's February 2004 denial of his motion to reconsider. Therefore, this Court's review is limited to the BIA's denial of Liu's motion to reconsider his asylum application, *see Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam), and this Court is " 'precluded from passing on the merits of the underlying exclusion proceedings,' " *see Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam) (quoting *Zhao v. DOJ,* 265 F.3d 83, 90 (2d Cir.2001)).

■ Liu's claim that the BIA erred in denying his motion for reconsideration because he never conceded removability as the record contains no I–862 form is unexhausted as he failed to raise this issue with the BIA. Accordingly, this Court lacks jurisdiction to review this claim, except in so far as it is encompassed by the issues properly presented to the BIA. *See* 8 U.S.C. § 1252(d); *Theodoropoulos v. INS,* 358 F.3d 162 (2d Cir.2004) (finding that where exhaustion is required, a court must dismiss any unexhausted claim for lack of jurisdiction).

■ This Court reviews the BIA's denial of a motion for reconsideration for abuse of discretion. *See Kaur,* 413 F.3d at 233; *Jin Ming Liu,* 439 F.3d at 111. The BIA did not abuse its discretion in denying the motion for reconsideration. Liu's contention that he was not placed in the proper

proceedings because he was not eligible for the Visa Waiver Pilot Program ("VWPP") is without merit. Under 8 C.F.R. § 217.4(a)(1), an applicant for the VWPP, who is found to be ineligible for the program and applies for asylum, is issued a Form I–863, Notice of Referral to Immigration Judge, and placed in asylum-only proceedings. *See* 8 C.F.R. § 217.4(a)(1) & (b)(1). According to the BIA's interpretation, "the provisions of 8 C.F.R. § 217.4 are not limited to aliens who are actually nationals of VWPP designated countries, but specifically encompass individuals who present fraudulent and counterfeit travel documents from such countries." *In re Kanagasundram,* 22 I. & N. Dec. 963, 964 (BIA 1999).

This Court accords an agency's interpretations of its own regulations "substantial deference." *See Joaquin–Porras v. Gonzales,* 435 F.3d 172, 178 (2d Cir.2006); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). Under the BIA's interpretation in *Kanagasundram,* Liu was properly considered a VWPP applicant because Liu filled out an application for the VWPP and presented a fraudulent passport indicating that he was from Portugal, which is a VWPP designated country. Furthermore, Liu did not challenge the statement in the I–863 form or the IJ's statement that he was a VWPP applicant at his hearing. Moreover, Liu's motion to reconsider merely reiterated his prior arguments and, thus, the BIA did not abuse its discretion in finding that Liu had failed to demonstrate an error in its prior decision. *See* 8 C.F.R. § 1003.2(b) (providing that a motion for reconsideration must specify errors of law or fact in a prior BIA decision).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceed-

ing is VACATED, and any pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1). Any other outstanding motions are also DENIED as moot.