# Matter of Hieu Trung LE, Respondent

*Decided June 23, 2011*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A derivative child of a nonimmigrant fiancé(e) visa holder under section 101(a)(15)(K)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(K)(iii) (2006), is not ineligible for adjustment of status simply by virtue of having turned 21 after admission to the United States on a K-2 nonimmigrant visa.

FOR RESPONDENT: Lisa H. York, Esquire, Denver, Colorado

FOR THE DEPARTMENT OF HOMELAND SECURITY: Leila Cronfel, Assistant Chief Counsel

BEFORE: Board Panel: FILPPU, PAULEY, and GREER, Board Members.

GREER, Board Member:

In this case, we address issues pertaining to the child of a nonimmigrant fiancée visa holder who obtained admission as a derivative of his mother's fiancée status. The respondent, a K-2 visa holder, sought to adjust his status to that of a lawful permanent resident, but he had turned 21 prior to the adjudication of his application for adjustment of status by the Immigration Judge. We conclude that to adjust status based on a K-2 visa, an alien derivative child must establish that he or she was under 21 years of age at the time of admission to the United States. The respondent's appeal will be sustained and the record will be remanded to the Immigration Judge to allow the respondent to renew his application for adjustment of status pursuant to sections 245(a) and (d) of the Immigration and Nationality Act, 8 U.S.C. §§ 1255(a) and (d) (2006).

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent was born on March 24, 1985, in Vietnam. His mother, also a native and citizen of Vietnam, became engaged to a United States citizen who filed a Petition for Alien Fiancé(e) (Form I-129F) with the U.S. Citizenship and Immigration Service ("USCIS") on her behalf on December 8, 2003. The petition was approved, and the respondent's mother was issued

a K-1 nonimmigrant fiancée visa pursuant to section 101(a)(15)(K)(i) of the Act, 8 U.S.C. § 1101(a)(15)(K)(i) (2000). The respondent, who was then 19 years old, was issued a K-2 nonimmigrant visa as the minor child who was accompanying, or following to join, his mother, a K-1 visa holder, pursuant to section 101(a)(15)(K)(iii) of the Act. On December 27, 2004, the respondent and his mother were admitted to the United States on their K visas, when the respondent was still 19 years old.

On December 30, 2004, within a week of her admission, the respondent's mother married her United States citizen fiancé. Approximately 2 months later, on February 24, 2005, both the respondent and his mother filed applications to adjust status with the USCIS. The respondent's mother was granted adjustment, but the respondent's application was denied. The USCIS found that the respondent could not qualify as the "stepchild" of the fiancé petitioner within the meaning of section 101(b)(1)(B) of the Act because he had already reached the age of 18 at the time of his mother's marriage. He was therefore determined to be ineligible to adjust his status.

The respondent was subsequently placed in removal proceedings by the issuance of a Notice to Appear (Form I-862) on March 24, 2006. At a hearing before the Immigration Judge, the respondent conceded removability and sought to renew his adjustment application. The Immigration Judge denied the respondent's adjustment application, but he disagreed with the reason given by the USCIS for its denial. The Immigration Judge concluded that under section 245(d) of the Act, the respondent had been eligible to adjust his status to that of a conditional permanent resident when his application was before the USCIS, because he was still under 21 years old. Nevertheless, the Immigration Judge determined that the respondent could no longer adjust because he had since turned 21 and could not qualify as a "child," as that term is defined in section 101(b)(1) of the Act. The respondent has appealed from the Immigration Judge's February 25, 2008, decision.

## II. ISSUE

The issue we must resolve is whether a fiancé(e) derivative child who accompanied or followed to join his alien fiancé(e) parent to the United States remains eligible to adjust status if, after satisfying the other statutory requirements, he attains the age of 18 or 21.[1]

---

[1] The Act lists three nonimmigrant categories under section 101(a)(15)(K) of the Act: (i) fiancé(e)s seeking to enter the United States to conclude a valid marriage; (ii) aliens married to a United States citizen who has filed a family-based immigrant visa petition that is pending adjudication; and (iii) minor children accompanying or following to join aliens

(continued...)

   As we explained in our recent precedent, *Matter of Sesay*, 25 I&N Dec. 431 (BIA 2011), which addressed adjustment eligibility for the principal fiancé(e) visa holder, we must examine whether the respondent can satisfy the requirements of section 245(a) of the Act.  Because the statutory provisions governing adjustment of status for fiancé(e)s and their derivatives have undergone significant changes over the years, we are presented with several questions of statutory interpretation without obvious answers.[2] Consistent with *Matter of Sesay*, we resolve these statutory gaps and ambiguities by reference to the law as originally enacted, because the amendments were designed solely to address marriage fraud, not to otherwise disrupt the existing procedures for issuing visas to fiancé(e) derivative children.  As with *Sesay*, the original statutory and regulatory petition, visa issuance, and admission processes remain intact.    Thus, the former law provides guidance regarding congressional intent as to who may qualify as a fiancé(e) derivative child.

### III.  STATUTORY AMBIGUITIES FOR K-2 ADJUSTMENT OF STATUS

   Prior to the Immigration Fraud Amendments of 1986, Pub. L. No. 99-639, 100 Stat. 3537 ("IMFA"), fiancé(e)s and their derivative children adjusted status under former section 214(d) of the Act, 8 U.S.C. § 1184(d) (1982). Section 214(d) allowed these aliens to proceed directly to adjustment once the qualifying marriage had been accomplished, provided they were otherwise admissible.    In 1986, fiancé(e) adjustments were incorporated into the adjustment provisions under section 245(a) of the Act. That section requires immigrant visa eligibility and availability—requirements that nonimmigrant fiancé(e)s and their children would be unable to meet if these terms were given their ordinary meaning under our immigration laws.

---

(...continued)

described in clauses (i) and (ii).  The regulations classify the fiancé(e) visa category as K-1 and the minor children accompanying or following to join the fiancé(e) as K-2.  The spouse category is classified for visa purposes as K-3, with the minor children designated as K-4. 8 C.F.R. §§ 214.1(a)(1)(v), (2) (2011).  This decision only addresses the K-2 nonimmigrant fiancé(e) visa holders, whom we refer to as fiancé(e) derivative children of the K-1 alien fiancé(e) parent.

[2]  Section 245(d) of the Act, which qualifies section 245(a) for fiancé(e)s admitted for permanent residence on a conditional basis, does not require the respondent to first obtain conditional residence outside the relevant time frame.  *Matter of Sesay*, 25 I&N Dec. at 440-41 (holding that a fiancé(e) visa holder is not subject to the provisions for conditional permanent resident status if the marriage takes place more than 2 years before the adjustment application is adjudicated).  Because the respondent's application is no longer within this time frame, we do not consider his eligibility for conditional permanent residence.

We must decide whether the statute allows a nonimmigrant fiancé(e)'s derivative child to satisfy the immigrant visa eligibility and availability requirements of section 245(a) in the same way we found that the principal fiancé(e) visa holder may satisfy those statutory tests in *Matter of Sesay*, 25 I&N Dec. at 438-40. This determination encompasses the time at which the fiancé(e) derivative child's age is fixed for purposes of establishing adjustment eligibility. We must also decide who may qualify as the "minor child of [an alien fiancé(e) parent who] is accompanying, or following to join, the alien" under section 101(a)(15)(K)(iii), because the Act does not define a "minor child."

## IV.  ADJUSTMENT OF STATUS OF A FIANCÉ(E) DERIVATIVE CHILD UNDER SECTION 245 OF THE ACT

### A.  Immigrant Visa Eligibility and Availability

Section 245(a) of the Act provides, in relevant part, as follows:

> The status of an alien who was . . . admitted . . . into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

Fiancé(e)s, as holders of nonimmigrant visas, are unable to satisfy the immigrant visa eligibility and availability requirements in sections 245(a)(2) and (3) of the Act. This is also true for their derivative children. In *Matter of Sesay*, 25 I&N Dec. at 438-39, we determined, consistent with past and current administrative and consular practice, that alien fiancé(e)s are similar, but not identical to, immediate relatives for these purposes, even though they do not meet the statutory definition of an immediate relative under section 201(b)(2)(A)(i) of the Act, 8 U.S.C. § 1151(b)(2)(A)(i) (2006).

The fiancé(e) visa petition and adjustment processes are hybrid in the sense that they combine both immigrant and nonimmigrant visa attributes—the fiancé(e)s and their derivatives are not perfect matches for either category. For example, while the statute does not provide for derivatives of immediate relatives, children may be admitted as the derivatives of alien fiancé(e) parents.[3]  Section 101(a)(15)(K)(iii) of the Act provides for issuance

---

[3]  Section 203(d) of the Act, 8 U.S.C. § 1153(d) (2006), provides that the children of family-based immigrants, other than immediate relatives, may derive the principal alien's status "if accompanying or following to join" their parent.

of a nonimmigrant visa to "the minor child" who "is accompanying, or following to join," the fiancé(e) parent. In this situation, the alien fiancé(e) parent is the beneficiary of the I-129F petition filed by the United States citizen fiancé(e) petitioner, and no separate petition is required for the fiancé(e)'s derivative child. 8 C.F.R. § 214.2(k)(3) (2011). The regulations explain that a fiancé(e) derivative child "may be accorded the same nonimmigrant classification as the beneficiary [of the fiancé(e) petition] if accompanying or following to join him or her." *Id.* Thus, the fiancé(e) derivative child is entitled to the same status as the fiancé(e) parent.

In *Sesay*, we concluded that the alien fiancé(e) parent establishes visa eligibility and availability in satisfaction of section 245(a) of the Act at the time of admission to the United States with the K-1 nonimmigrant visa, provided that he or she enters into a bona fide marriage with the fiancé(e) petitioner within 90 days. The alien's admission to the United States was selected as the appropriate date to establish eligibility for adjustment. This date best marks visa eligibility and availability, because "events that may occur between visa issuance and admission could extinguish the visa under 8 C.F.R. § 212.2(k)(5)," and because visa eligibility is reassessed upon application for admission at the port of entry. *Matter of Sesay*, 25 I&N Dec. at 440. This is also true for the fiancé(e) derivative child, particularly since the child may be following the parent later, rather than accompanying him or her. This potential gap in time provides an additional opportunity for the parent's visa validity to be extinguished, which would, in turn, render the child inadmissible even though a K-2 visa had been issued.

The statutory language highlights the significance of admission to establishing adjustment eligibility, conditioned upon the occurrence of the marriage, for both the alien fiancé(e) parent and the derivative child. Specifically, the last sentence of section 214(d)(1) of the Act, which is entitled "Issuance of Visa to Fiancee or Fiance of Citizen," currently provides:

> In the event the marriage with the petitioner does not occur within three months *after the admission* of the said alien and minor children, they shall be required to depart from the United States . . . .

(Emphasis added.) This language dates from 1970 and has always been interpreted to allow the principal fiancé(e) and his or her derivative children to establish adjustment eligibility upon admission, provided that the qualifying marriage takes place within the required period of time and that they are otherwise admissible. *Matter of Sesay*, 25 I&N Dec. at 435-36, 441.

Thus, the two conditions for adjustment of status pursuant to former section 214(d) of the Act, under which alien fiancé(e)s and their derivative children adjusted their status prior to 1986, were that the marriage between the petitioner and the alien fiancé(e) had to occur within 3 months of the alien's

admission and that the applicants had to be otherwise admissible at the time of adjustment. As we observed in *Matter of Sesay*, the purpose of the IMFA was not to alter this process, but was, instead, to address the problem of marriage fraud. *Id.* at 437. Accordingly, we looked to the prior law to inform us as to how these nonimmigrants can establish immigrant visa eligibility and availability for purposes of section 245(a). Consistent with our analysis in *Sesay*, we now conclude that the derivative child of an alien fiancé(e) also satisfies these requirements at the time of admission to the United States with the K-2 nonimmigrant visa, conditioned on the timely, bona fide marriage of the alien fiancé(e) parent to the United States citizen petitioner. *Id.* at 440.

The respondent's adjustment application was first denied by the USCIS because he was over 18 at the time of adjudication and could not then qualify as the stepchild of the United States citizen fiancé petitioner. Although the Immigration Judge disagreed with the conclusion that the respondent had to qualify as the stepchild of the petitioner, he nevertheless found the respondent to be ineligible for adjustment, because at the time his renewed application was adjudicated, the respondent was over 21 and no longer met the definition of a "child" under section 101(b)(1) of the Act.

Both the USCIS and the Immigration Judge considered the respondent's age at the time the adjustment application was decided as determinative of his eligibility. We disagree with this approach, because we conclude that the age of the derivative child at the date of admission is controlling.

## B. Definition of a "Minor Child"

Although we have determined when the alien fiancé(e) child establishes visa eligibility and availability, this does not answer the question of who may qualify as a "minor child." The respondent was 19 at the time he was admitted to the United States. We must therefore determine whether he was a "minor child" of the alien fiancé(e) parent when he was admitted.

### 1. Legislative History

When Congress created the K nonimmigrant visa category in 1970, the Act did not define the term "minor child," and there remains no definition in section 101(a)(15)(K)(iii) today. The statute did, however, provide a well-developed definition of a "child" in section 101(b)(1) of the Act, which included only unmarried persons under 21 years of age. As it did at that time, the Act distinguishes between children and adult sons and daughters, who are older than 21 and may or may not be married. *See* sections 203(a)(1)–(3) of the Act, 8 U.S.C. §§ 1153(a)(1)–(3) (2006). The term "child" is used

consistently throughout the statute to mean only a person who is unmarried and under 21, unless otherwise specified.[4]

The House Report for Pub. L. No. 91-225, which analyzed the 1970 bill that created K visas, does not indicate why the term "minor child" was used or what its intended meaning was. *See* H.R. Rep. No. 91-851 (1970), 1970 U.S.C.C.A.N. 2750, 1970 WL 5815. Until the passage of the IMFA in 1986, the meaning of the term "minor child" was less significant, because under former section 214(d) of the Act, the law allowed alien fiancé(e) derivative children to adjust their status automatically upon the K-1 visa holder's marriage.

Had we been presented with the question of the meaning of the term "minor child" for fiancé(e) derivative children at the time of the 1970 legislation, we would face a different question, given the common understanding of a minor child as a person under the age of 18. *See, e.g.*, *United States v. Martinez-Carillo*, 250 F.3d 1101, 1104 (7th Cir. 2001) (observing that "Black's Law Dictionary provides a generic understanding of the word 'minor.' It defines 'minor' as '[a]n infant or person who is under the age of legal competence . . . . In most states, a person is no longer a minor after reaching the age of 18 . . . .'" (citing *Black's Law Dictionary* (6th ed. 1990))); *see also* 8 C.F.R. § 236.3(a) (2011) (defining a "juvenile" as "an alien under the age of 18 years"). However, the former Immigration and Naturalization Service ("INS"), which was charged with implementing regulations to carry out the new statutory provisions for K visas, did not recognize a distinction between a "child" and a "minor child." The INS promulgated regulations that defined a fiancé(e) derivative child consistently with the long-standing definition of a "child" as a person under 21 years of age, rather than crafting a new definition for the term "minor child." We now examine this issue in the context of more than 40 years of implementation of these regulations.

### 2. Current and Historical Administrative and Consular Practice

In lieu of defining the term "minor child," the implementing regulation at 8 C.F.R. § 214.2(k)(3) (2011) refers to a fiancé(e) derivative child as "a child of the beneficiary (as defined in section 101(b)(1)(A), (B), (C,) (D), or (E) of the Act) [who] may be accorded the same nonimmigrant classification as the beneficiary if accompanying or following to join him or her." This regulation was originally promulgated by the INS in 1973

---

[4] For example, the definition of an adopted child under section 101(b)(1)(E) of the Act specifies that the child must have been adopted before the age of 16 to qualify. An adopted child remains a "child" for immigration purposes as long as he or she is unmarried and under 21 years old.

to implement the statute creating "K" visas in 1970 and has always incorporated the definition of a "child" in section 101(b)(1) of the Act. *See* Special Requirements for Admission, Extension, and Maintenance of Status, 38 Fed. Reg. 35,425, 35,429 (Dec. 28, 1973).

Against this backdrop of implementing regulations, Congress carried the term "minor child" over into section 245(d) of the Act and retained it in sections 101(a)(15)(K) and 214(d) in 1986. The House Report for the IMFA does not reflect why the term "minor child" continued to be employed in the new law, and it appears that the term was simply carried forward from the prior statutory language. *See* H.R. Rep. No. 99-906 (1986), 1986 U.S.C.C.A.N. 5978, 1986 WL 31959.[5]

Where, as here, an immigration term used by Congress is ambiguous, the courts have indicated that "the interpretation of the . . . agency statutorily entrusted with administration of the Immigration and Nationality Act is entitled to substantial deference and should be followed unless there are compelling indications that it is wrong." *De Avilia v. Civiletti*, 643 F.2d 471, 475 (7th Cir. 1981) (citations and internal quotation mark omitted). When Congress reenacts statutory language that has a well-established meaning, we expect that it is aware of and adopts that meaning. *See generally Lindahl v. Office of Personnel Mgmt.*, 470 U.S. 768, 782 n.15 (1985) ("So too, where, as here, Congress adopts a new law incorporating sections of a prior law, Congress normally can be presumed to have had knowledge of the interpretation given to the incorporated law, at least insofar as it affects the new statute." (quoting *Lorillard v. Pons*, 434 U.S. 575, 580-81 (1978)) (internal quotation mark omitted)). Moreover, "[t]he deference given to . . . an administrative interpretation is heightened when the construction in question has remained consistent over a long period of time." *Santos v. INS*, 525 F. Supp. 655, 662 (S.D.N.Y. 1981), *aff'd*, 690 F.2d 56 (2d Cir. 1982). Thus, it may be presumed that in 1986, when Congress readopted the existing language relating to a "minor child" that had been subject to years of administrative interpretation, it accepted the common understanding of that term. As noted above, that interpretation had consistently been to treat the term "minor child" as synonymous with the term "child," defined in section 101(b)(1) of the Act as an unmarried person under 21 years of age.

---

[5] In 1987, the Department of State amended its regulations implementing procedures for issuing K visas. Visas; Regulations and Documentation Pertaining to Both Nonimmigrants and Immigrants Under the Immigration and Nationality Act, 52 Fed. Reg. 42,590 (Nov. 5, 1987), 1987 WL 146417 (recodifying K visa issuance at 22 C.F.R. § 41.81). The regulation at 22 C.F.R. § 41.81(c)(1) (2011), in relevant part, classifies an alien under section 101(a)(15)(K)(iii) of the Act as the "child" of an alien classified under section 101(a)(15)(K)(i) of the Act.

In addition, since the time the respondent's adjustment application was denied on the basis that he did not qualify as the stepchild of the fiancé petitioner, the USCIS has clarified its position through the issuance of legal guidance. The Associate Director of Domestic Operations issued a 2007 memorandum reminding USCIS officers to construe the term "minor child" consistently with the definition of a "child" in section 101(b)(1) of the Act, that is, an unmarried person under 21 years of age. *See* Interoffice Memorandum from Michael L. Aytes, USCIS Assoc. Dir., Domestic Operations, to DHS officials (Mar. 15, 2007), *available at* http://www.uscis.gov/memoranda (regarding "Adjustment of Status for K-2 Aliens"). The memorandum provides, in relevant part, as follows:

> The purpose of this memorandum is to remind officers that K-2 aliens seeking to adjust status are NOT required to demonstrate a step-parent/step-child relationship with the petitioner. A K-2 alien who is over 18 years of age may adjust status provided they satisfy the requirements for adjustment of status under Section 245 of the Immigration and Nationality Act (INA). Officers should follow the regulations at 8 CFR 214.2(k)(6)(ii) regarding adjustment of status for K-2 aliens.
>
> . . . .
>
> Officers should NOT limit the adjustment of status of K-2 aliens to persons under the age of 18 based on the term "minor child" as it appears in 245(d). The INA does not define the term "minor child." Section 101(b)(1) defines the term "child" as "an unmarried person under twenty-one years of age." Consequently, officers should allow for the adjustment of status of K-2 aliens under the age of 21, provided the requirements for adjustment of status in 245 of the INA are satisfied.

### 3. Federal Court Interpretation

The United States Court of Appeals for the Tenth Circuit, in whose jurisdiction this case arises, recently considered who may qualify as the "minor child" of a fiancé(e) visa holder in *Carpio v. Holder*, 592 F.3d 1091 (10th Cir. 2010). Our interpretation of this term is consistent with that of the court in *Carpio*, which stated that "[i]n this context, a 'minor child' is defined as 'an unmarried person under twenty-one years of age,'" in accordance with section 101(b)(1) of the Act. *Id.* at 1098.

In that decision, the court also specifically found that section 245(d) of the Act is "ambiguous with respect to the time at which a K-2 visa holder must be under twenty-one to qualify for an adjustment of status." *Id.* at 1096. Although the court did not definitively resolve this question, it did find that

the age at which an applicant "seeks to enter" the United States would be the controlling date.  *Id.* at 1098-99, 1102.[6]

## VI.  CONCLUSION

For the reasons set forth above, we find that a K-2 derivative child of a fiancé(e) visa holder must establish visa eligibility and availability in satisfaction of section 245(a) at the time of his or her admission to the United States.  *See generally Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967 (2005).  As we concluded in *Matter of Sesay*, visa eligibility and availability are best established by the date of admission.  This conclusion is more compelling in regard to derivative children of fiancé(e) visa holders, who may follow the principal alien at a later date.

In view of the long-standing interpretation by the implementing agency that the undefined term "minor child" means a "child," as defined in section 101(b)(1) of the Act, and the fact that statutory revisions did not alter that interpretation, we conclude that a "minor child" is an unmarried person under 21 years of age.  We further find that a fiancé(e) derivative child need not qualify as the "stepchild" of the fiancé(e) petitioner but, rather, must only show that he or she is the "child" of the alien fiancé(e) parent whom he or she is accompanying or following to join.

The respondent was 19 years of age at the time he was admitted to the United States.  He therefore met the definition of a minor child of his alien mother and satisfied the visa eligibility and availability requirements, subject to the bona fide, timely marriage of his mother to the petitioner.  In this case, the marriage occurred, and there is no indication that it was not bona fide.

We conclude that the respondent has established prima facie eligibility for adjustment of status under sections 245(a) and (d) of the Act.  Accordingly, his appeal will be sustained.  Because we find that the respondent is entitled to renew his application for adjustment of status before the Immigration Judge, we will remand the record for further proceedings.[7]

**ORDER:**  The appeal is sustained.

**FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[6] In *Carpio v. Holder*, 592 F.3d at 1102, the Tenth Circuit considered as possible dates for determining when a fiancé(e) derivative child seeks to enter the United States the dates that the United States citizen files a petition for the K-1 visa with DHS or that the visa application is filed with the consular officer.

[7] Like other adjustment applicants, a K-2 visa holder must establish that he or she is admissible to the United States and that adjustment of status should be granted in the exercise of discretion.