**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1988**

NOEL JOSEPH MENOR REGIS,

               Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

               Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Argued: September 16, 2014          Decided: October 16, 2014

Before DUNCAN, AGEE, and DIAZ, Circuit Judges.

Petition denied by published opinion. Judge Agee wrote the opinion, in which Judge Duncan and Judge Diaz joined.

**ARGUED:** Alfred Castro Tecson, TECSON LAW OFFICE, Annandale, Virginia, for Petitioner. Colin James Tucker, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Stuart F. Delery, Assistant Attorney General, Civil Division, Anthony W. Norwood, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

AGEE, Circuit Judge:

Petitioner Noel Joseph Menor Regis entered the United States in 2007 on a K-2 visa as the minor child of his mother, a nonimmigrant fiancée K-1 visa holder. After his mother married the U.S. citizen who had petitioned for the family's K visas, Regis applied to adjust his status to lawful conditional permanent resident. The United States Citizenship and Immigration Services ("USCIS") denied Regis' application because he had turned 21 before he entered the United States and was therefore not a qualifying "minor child." See 8 U.S.C. § 1255(d). An immigration judge ("IJ") agreed with USCIS, and the Board of Immigration Appeals (the "Board") affirmed.

In his petition for review to this Court, Regis contends that a K-2 visa holder's eligibility for adjustment of status should be determined not by his age on the date of entry into the United States, but rather by his age at the time he initially sought the K-2 visa. Because we conclude that the Board's interpretation of the relevant statutory provisions is entitled to deference, we deny Regis' petition for review.

# I. Background

## A. The Immigration Application Process

The Immigration and Nationality Act (the "INA" or the "Act") defines two classes of nonimmigrant aliens that are pertinent to this appeal:

> (i) . . . the fiancee or fiance of a citizen of the United States . . . who seeks to enter the United States solely to conclude a valid marriage with the petitioner within ninety days after admission; [and]

> (iii) . . . the minor child of an alien described in clause (i) . . . accompanying, or following to join, the alien[.]

8 U.S.C. § 1101(a)(15)(K)(i), (iii) (emphasis added).

The K visa process begins when a U.S. citizen petitions the Department of Homeland Security to designate a foreign national as a nonimmigrant fiancé or fiancée (the "fiancée"). Id. § 1184(d)(1); 8 C.F.R. § 214.2(k)(1). If the fiancée has a minor child that is accompanying or following to join her, that child "may be accorded the same nonimmigrant classification" without a separate petition. 8 C.F.R. § 214.2(k)(3). The approved petition is forwarded to the U.S. consulate in the fiancée's home country. 22 C.F.R. § 41.81(a)(1).

The fiancée must then submit a visa application to the U.S. consulate in her home country, requesting a K-1 visa on behalf of herself and K-2 visas for her minor children whom she intends to join her. See id. § 41.81(a), (c). After receipt of an

3

approved visa application, the consulate issues the K visas, which, as nonimmigrant visas, generally bear validity periods reflecting reciprocity between the United States and the practices of the particular foreign government. Id. § 41.112(b)(1).

Issuance of a K-1 or K-2 visa, however, does not guarantee the visa holder's entry into the United States. 8 U.S.C. § 1201(h) ("Nothing in this chapter shall be construed to entitle any alien, to whom a visa or other documentation has been issued, to be admitted [to] the United States, if, upon arrival at a port of entry in the United States, he is found to be inadmissible under this chapter, or any other provision of law."). Upon arrival at a port of entry into the United States, the alien fiancée -- like all nonimmigrant aliens -- must establish that he or she is then admissible. 8 C.F.R. § 214.1(a)(3)(i). After admission into the United States, the alien fiancée must marry the U.S. citizen petitioner within 90 days or depart the country along with any children holding a K-2 derivative visa. 8 U.S.C. § 1184(d)(1).

Following the marriage, the K-1 visa holder and her minor children holding K-2 visas may apply for adjustment of status to lawful conditional permanent resident. 8 U.S.C. § 1255(d); 8 C.F.R. § 214.2(k)(6)(ii). The Attorney General may make the adjustment "in his discretion and under such regulations as he

4

may prescribe." 8 U.S.C. § 1255(a). The applicant must be eligible to receive an immigrant visa and be admissible to the United States for permanent residence. Id.

Section 1255(d) specifically addresses adjustment of status for K-1 and K-2 nonimmigrant visa holders. Id. § 1255(d). Under the statute, the Attorney General may adjust their status to lawful conditional permanent resident "as a result of the marriage of the nonimmigrant (or, in the case of a minor child, the parent) to the citizen who filed the petition." Id. (emphasis added).

The term "minor child" in 8 U.S.C. §§ 1101(a)(15)(K) and 1255(d) is not defined in those statutes or elsewhere in the INA. However, based on the definition of "child" in the Act, see 8 U.S.C. § 1101(b)(1), the term "minor child" for purposes of K-2 visas has been construed by the Board as a person who is unmarried and under the age of 21. Matter of Le, 25 I. & N. Dec. 541, 550 (B.I.A. 2011).

Section 1255 does not specify when during the immigration process a "minor child" is required to be under 21 years of age, and the statute is likewise silent as to when an applicant for adjustment of status must demonstrate eligibility. 8 U.S.C. § 1255(a), (d); see also Carpio v. Holder, 592 F.3d 1091, 1098 (10th Cir. 2010) ("[T]he use of the term 'minor child,' provides no indication as to when that status must be established.").

5

## B. Regis' Application Process

Regis is a native and citizen of the Philippines who was born on February 18, 1986. On February 13, 2007, the United States embassy's consular office in the Philippines (the "Consulate") issued a K-1 nonimmigrant visa to Regis' mother, following the successful petition of her U.S. citizen fiancé. At the same time, the Consulate issued K-2 visas to Regis and his three siblings as the children of a K-1 visa holder. Regis was 20 years old when he received his K-2 visa, which stated that it would remain valid until August 11, 2007.

Regis' mother entered the United States sometime in February 2007 and married her U.S. citizen fiancé on February 26, 2007. Regis did not accompany his mother, but entered the United States later on March 25, 2007, over a month after his 21st birthday on February 18, 2007.

On May 16, 2007, he timely filed an application for adjustment of status to lawful conditional permanent resident. USCIS denied the application, concluding that Regis was ineligible to adjust his status because he had already attained age 21 and was no longer a "child" as defined in 8 U.S.C. § 1101(b)(1). Regis moved for reconsideration, and USCIS dismissed that motion.

On November 15, 2007, the Department of Homeland Security began removal proceedings against Regis by filing a Notice to

6

Appear, which charged him with removability pursuant to 8 U.S.C. § 1227(a)(1)(B), as an alien who was admitted to the United States as a nonimmigrant and remained beyond the time permitted. Appearing before the immigration court, Regis admitted the facts contained in the Notice to Appear and conceded removability. He argued, however, that he was eligible for adjustment of status because he was less than 21 years old at the time he applied for the K-2 visa and cited Carpio v. Holder, 592 F.3d 1091 (10th Cir. 2010), in support.

In Carpio, the petitioner had also entered the United States on a derivative K-2 visa but, unlike Regis, was less than 21 years old on the date of entry. Id. at 1092. The Board nevertheless denied the adjustment because the petitioner had turned 21 before the agency adjudicated his application. Id. at 1092-93. The Tenth Circuit overturned the Board's decision, concluding that eligibility should be determined as of the date a K-2 alien "seeks to enter" the United States. Id. at 1098-1101. Given the particular facts before it, the court was not required to pinpoint when a K-2 applicant "seeks to enter," but observed that the date

> may be plausibly read as either (1) the date that the United States citizen files a petition for K-1 and K-2 visas with the Secretary of Homeland Security under 8 U.S.C. § 1184(d)(1), or (b) the date that the K-1 and K-2 visa applications are filed with the consular officer in the country of origin.

Id. at 1104.

The IJ found Carpio inapplicable in this case under the holding in Matter of Le, 25 I. & N. Dec. 541 (B.I.A. 2011), which the Board had decided during the pendency of Regis' case. In Matter of Le, a three-judge panel of the Board concluded that a K-2 visa holder's age at the time he actually enters the United States determines whether he is a "minor child" under the INA. Id. at 550. Based on Matter of Le, the IJ denied Regis' application for adjustment of status because Regis was over 21 when he entered the United States under his K-2 visa. Accordingly, the IJ ordered Regis removed from the United States.

Regis appealed to the Board, arguing again that he was eligible for adjustment of status because he was under 21 at the time he sought a K-2 visa. The Board dismissed Regis' appeal, adopting and affirming the IJ's decision. Concluding that Matter of Le was precedential and dispositive, the Board held that Regis was ineligible to adjust status because he was not a "minor child" at the time he was admitted to the United States.

Regis filed a timely petition for review to this Court. We have jurisdiction to consider his petition under 8 U.S.C. § 1252.

II. Discussion

We review the Board's legal conclusions de novo.  Saintha v. Mukasey, 516 F.3d 243, 251 (4th Cir. 2008).  In the course of conducting our review, we recognize that because the Board is the agency that administers the INA, its interpretations of that Act may be entitled to deference under the Chevron doctrine.  See id. (citing Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43 (1984)).

Under Chevron, we must first determine whether the statute is "silent or ambiguous with respect to the specific issue." Id.  If the provision in question is unambiguous, then the plain meaning of the statute controls.  Id.  If, however, the relevant provision is ambiguous, then we will defer to the agency's interpretation so long as it is "based on a permissible construction of the statute."  Id.  "[T]he [Board's] interpretations . . . must be given controlling weight unless those interpretations are 'arbitrary, capricious, or manifestly contrary to the statute.'"  Fernandez v. Keisler, 502 F.3d 337, 344 (4th Cir. 2007) (quoting Chevron, 467 U.S. at 844).  The appellant bears a "substantial burden, as judicial deference 'is especially appropriate in the immigration context where officials exercise especially sensitive political functions that implicate questions of foreign relations.'"  Saintha, 516 F.3d

9

at 251 (quoting I.N.S. v. Aguirre-Aguirre, 526 U.S. 415, 425 (1999)).

A. The Board's Decision in Matter of Le

Although the INA is silent as to when during the immigration process a K-2 visa holder must be under 21 to be eligible for adjustment of status, the Board has provided guidance in Matter of Le. In that case, the applicant entered the United States with his mother when he was 19 years old, but turned 21 before USCIS adjudicated his application for adjustment of status. 25 I. & N. Dec. at 542. USCIS denied the application because Le had turned 18 before the date of his mother's marriage. Id. An IJ likewise denied Le's adjustment of status, but on the ground that he had turned 21 before the agency had adjudicated his application. Id.

The Board addressed two questions in Le's appeal: (1) at what age is a child no longer a "minor child," and, critical to this appeal, (2) at what point in the immigration process does the child's age become "fixed" for purposes of the minor child determination. Id. at 544. Regarding the first question, the Board concluded that the defining age for a "minor child" determination is age 21, not 18. Id. at 550 (noting the "long-standing interpretation by the implementing agency" and Congress' implicit approval of that interpretation).

10

In addressing the second question -- at what point the K-2 applicant must establish eligibility -- the Board looked to a previous decision in which it had analyzed the same question for K-1 applicants. In Matter of Sesay, the Board concluded that an alien fiancée parent's eligibility for adjustment of status must be established at the time of admission to the United States with the K-1 nonimmigrant visa. Matter of Sesay, 25 I. & N. Dec. 431, 440 (B.I.A. 2011). The Board in Matter of Le found Matter of Sesay's reasoning to be equally persuasive in the context of K-1 visa holders' minor children. Matter of Le, 25 I. & N. Dec. at 545. Consequently, the Board determined "that to adjust status based on a K-2 visa, an alien derivative child must establish that he or she was under 21 years of age at the time of admission to the United States." Id. at 541 (emphasis added). Since Le met that requirement, the Board held he was eligible for adjustment and reversed the IJ's decision.[1]

---

[1] We reject Regis' argument that because Le had not yet turned 21 at the time he was admitted into the United States, Matter of Le is somehow inapplicable to this case. In deciding whether Le was eligible for adjustment, the Board was tasked with defining "minor child" and with designating the appropriate time for determining eligibility. Some, like Le, may satisfy the Board's interpretation, and others like Regis, will not. The resulting interpretation nonetheless is applicable to all K-2 applicants for adjustment.

B. <u>Chevron</u> Deference

Because <u>Matter of Le</u> is a precedential opinion in which the Board interpreted a statute Congress has designated it to administer, we proceed in accordance with <u>Chevron</u>.[2] Under <u>Chevron</u>'s first prong, we begin by asking whether the INA is ambiguous as to when a K-2 applicant for adjustment of status fails to qualify as a "minor child" under that statute. In other words, at what point in the immigration process does the K-2 visa applicant's attaining age 21 function as a limiting event? As noted earlier, the INA is silent on this question. For his part, Regis has not contested that the relevant provisions are ambiguous.

One possible reading, rejected in both <u>Carpio</u> and <u>Matter of Le</u>, is that the applicant must be a "minor child" at the time the adjustment is adjudicated. <u>See</u> <u>Carpio</u>, 592 F.3d at 1102 (concluding that allowing eligibility to hinge on the agency's speed could "violate[] basic principles of common sense and fairness"); <u>Matter of Le</u>, 25 I. & N. Dec. at 542. Alternatively, the Tenth Circuit in <u>Carpio</u> resolved that the INA

---

    [2] The Board's decision denying Regis' appeal may not itself be entitled to <u>Chevron</u> deference because it is not precedential (as a one Board member decision). <u>See</u> <u>Cervantes v. Holder</u>, 597 F.3d 229, 233 n.5 (4th Cir. 2010). But the underlying interpretation is based on <u>Matter of Le</u>, which is a published and precedential Board decision. <u>Chevron</u> applies in these circumstances. <u>See, e.g.</u>, <u>Aguirre-Aguirre</u>, 526 U.S. at 418, 424-25; <u>Ramirez v. Holder</u>, 609 F.3d 331, 333-34 (4th Cir. 2010).

can "plausibly be read" to require the applicant to be under 21 on either the date the U.S. citizen fiancé files the original petition or the date the K-2 visa application is filed with the U.S. consulate. Carpio, 592 F.3d at 1104. As the Board found in Matter of Le, the statute can reasonably be construed in yet another way: setting eligibility as a "minor child" at the date of entry into the United States. 25 I. & N. Dec. at 541.

In light of these differing but plausible interpretations, we join the Tenth Circuit and the Board in concluding that the INA's silence on the issue creates an ambiguity. There is no plain language in the statute that resolves the question at issue here. See Carpio, 592 F.3d at 1096 ("We agree with the government that § 1255(d) is ambiguous with respect to the time at which a K-2 visa holder must be under twenty-one to qualify for an adjustment of status."); Matter of Le, 25 I. & N. Dec. at 543-44 (recognizing a statutory ambiguity regarding "the time at which the fiance(e) derivative child's age is fixed for purposes of establishing adjustment eligibility").

Having found the statute to be ambiguous, we proceed to the next step under Chevron to determine whether the Board's interpretation is a "permissible construction," and not "arbitrary, capricious, or manifestly contrary to the statute." 467 U.S. at 843-44. In Matter of Le, the Board offered several reasons why a K-2 visa holder's age on the date of his actual

13

admission should control eligibility for adjustment of status as a "minor child." First, the Board reasoned that the date of an alien's entry into the United States "best marks visa eligibility and availability, because 'events that may occur between visa issuance and admission could extinguish the visa.'" Matter of Le, 25 I. & N. Dec. at 545 (quoting Matter of Sesay, 25 I. & N. Dec. at 440). Relatedly, the Board noted that the entry date is the best determining point "because visa eligibility is reassessed upon application for admission at the port of entry." Id.

As to K-2 visa holders in particular, the Board further observed that the gap between issuance of the visa and admission "provides an additional opportunity for the parent's visa validity to be extinguished, which would, in turn, render the child inadmissible even though a K-2 visa had been issued." Id. The Board considered this factor important because the Act permits a minor child to follow the parent into the United States at a later date, id., as Regis did in this case.

Finally, the Board pointed to language elsewhere in the Act that supports its interpretation. Specifically, the final sentence of 8 U.S.C. § 1184(d)(1) provides that an alien fiancée and her minor children must depart the United States if the marriage does not occur "within three months after the admission of the said alien and minor children." This provision, the

14

Board reasoned, "highlights the significance of admission" for determining an alien's eligibility for adjustment.  Matter of Le, 25 I. & N. Dec. at 545.

Far from being arbitrary, capricious, or manifestly contrary to the statute, we find the Board's determination of "minor child" status in Matter of Le well-reasoned.  The Board's analysis embraces the existing statutory and regulatory framework and reaches a result consistent with that framework. The Board's interpretation of the INA –- that a K-2 visa holder seeking adjustment of status must be under 21 at the time of admission –- is therefore a permissible construction and is owed deference under Chevron.  Accordingly, because Regis was over 21 when he entered the United States, his application for adjustment of status was properly denied and he is properly removable.

Relying on the Tenth Circuit's decision in Carpio, Regis insists that his eligibility for adjustment should have been determined based on his age when he applied for the K-2 visa.[3]

_____

[3] Regis also appears to make what can be best characterized as an estoppel argument.  He contends that because the "ultimate purpose" of the K-2 visa is adjustment, the Consulate erred by issuing him a visa that remained "valid" until well after his 21st birthday.  He argues that he was justified in relying on and travelling within this validity period and should not be denied adjustment.  However, as counsel conceded at oral argument, the issue was not properly raised below.  "It is well established that an 'alien must raise each argument to the (Continued)

15

As noted above, the Board rejected this argument because <u>Carpio</u> would be controlling only in the Tenth Circuit and because the Board's precedential interpretation in <u>Matter of Le</u> now decides the issue.  See <u>Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.</u>, 545 U.S. 967, 982 (2005) ("A court's prior judicial construction of a statute trumps an agency construction otherwise entitled to Chevron deference only if the prior court decision holds that its construction follows from the unambiguous terms of the statute and thus leaves no room for agency discretion.").  We find particularly noteworthy that the Tenth Circuit decided <u>Carpio</u> without the benefit of the Board's subsequent precedential decision in <u>Matter of Le</u>.  Although <u>Carpio</u> sets forth a reasonable interpretation of the statute, we are bound under <u>Chevron</u> to defer to the Board's equally reasonable construction.

---

[Board] before we have jurisdiction to consider it."  <u>Kporlor v. Holder</u>, 597 F.3d 222, 226 (4th Cir. 2010) (quoting <u>Gandziami-Mickhou v. Gonzales</u>, 445 F.3d 351, 359 n.2 (4th Cir. 2006)).  In view of Regis' waiver concession, we do not consider this issue, but also note the general inapplicability of an estoppel argument against the government, at least absent "affirmative misconduct."  See <u>Dawkins v. Witt</u>, 318 F.3d 606, 611 (4th Cir. 2003) ("[T]he [Supreme] Court's decisions indicate that estoppel may only be justified, if ever, in the presence of affirmative misconduct by government agents.").

III.

For all these reasons, Regis' petition for review of the Board's decision is

DENIED.